No. 25-5129

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

RINNAI AMERICA CORPORATION et al.,

*Plaintiffs–Appellants,*

v.

SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT,

*Defendant–Appellee,*

PEOPLE'S COLLECTIVE FOR ENVIRONMENTAL JUSTICE et al.,

*Intervenor–Defendants–Appellees.*

On Appeal from the United States District Court
for the Central District of California
No. 2:24-cv-10482-PA-PD
Hon. Percy Anderson, District Judge

## PLAINTIFFS–APPELLANTS' MOTION TO EXPEDITE APPEAL

Sarah O. Jorgensen
REICHMAN JORGENSEN
  LEHMAN & FELDBERG LLP
1201 W. Peachtree St., Suite 2300
Atlanta, GA 30309

Brian C. Baran
REICHMAN JORGENSEN
  LEHMAN & FELDBERG LLP
1909 K Street NW, Suite 800
Washington, DC 20006

Courtland L. Reichman
REICHMAN JORGENSEN
  LEHMAN & FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
(650) 623-1401
creichman@reichmanjorgensen.com

*Counsel for Plaintiffs–Appellants Rinnai America Corp., Noritz America
Corp., National Association of Home Builders, California Manufacturers
& Technology Association, California Restaurant Association, California
Hotel & Lodging Association, California Apartment Association, and
Plumbing-Heating-Cooling Contractors of California*

(*Additional parties and counsel listed on inside cover*)

John J. Davis, Jr.
Luke Dowling
McCracken, Stemerman &
  Holsberry LLP
475 – 14th Street, Suite 1200
Oakland, CA 94612
(415) 597-7200
jjdavis@msh.law

*Counsel for Plaintiff–Appellant*
*California State Pipe Trades*
*Council*

Angelo I. Amador
Restaurant Law Center
2055 L Street, NW, Suite 700
Washington, DC 20036
(202) 331-5913
aamador@restaurant.org

*Counsel for Plaintiff–Appellant*
*Restaurant Law Center*

Matthew P. Gelfand
Californians for
  Homeownership, Inc.
525 S. Virgil Ave.
Los Angeles, CA 90020
(213) 739-8206
matt@caforhomes.org

*Counsel for Plaintiff–Appellant*
*Californians for Homeownership,*
*Inc.*

## MOTION TO EXPEDITE

Plaintiffs–Appellants move under Circuit Rule 27-12 to expedite this appeal, enforce the existing briefing schedule without extensions, and set the case for oral argument on the next available calendar after briefing is complete. This case presents the question whether Defendant–Appellee South Coast Air Quality Management District's effective ban on certain gas appliances—implemented by capping their emissions of $NO_x$, an inevitable byproduct of combustion, at zero—is preempted by the federal Energy Policy and Conservation Act ("EPCA"), 42 U.S.C. §§6201 *et seq*.

The first phase of the ban is scheduled to take effect January 1, 2026. That will irreparably harm Plaintiffs, who are manufacturers and sellers of gas appliances, trade associations, affordable housing groups, and labor union groups that rely on the availability of natural gas appliances and systems for their and their members' livelihoods. To prevent that harm, Plaintiffs are seeking an injunction pending appeal in the district court. Whether or not the interim injunction is granted, there is good cause to expedite the appeal. If the injunction is denied, expediting would mitigate the irreparable harm Plaintiffs will suffer during the appeal. If it is granted, expediting would mitigate the harm the District and Defendant–Intervenors say delaying the zero-$NO_x$ rule would cause.

Counsel for the District and counsel for Intervenors indicated that they would join a motion to expedite the appeal if Plaintiffs refrained

from seeking an injunction pending appeal. Plaintiffs therefore understand that because they sought an injunction, the District and Intervenors oppose this motion.

There were no transcribed proceedings in the district court.

## BACKGROUND

1.     EPCA expressly preempts any state or local "regulation concerning the … energy use" of covered appliances. 42 U.S.C. §6297(c). This Court held in *California Restaurant Ass'n v. City of Berkeley*, 89 F.4th 1094 (9th Cir. 2024), that EPCA preempted Berkeley's ban on gas piping in new buildings because "a regulation on 'energy use' fairly encompasses an ordinance that effectively eliminates the 'use' of an energy source," *id.* at 1102. It made no difference that Berkeley, rather than banning gas appliances directly, had chosen to ban the gas piping instead. *Id.* at 1107 ("States and localities can't skirt the text of broad preemption provisions by doing *indirectly* what Congress says they can't do *directly*.").

2.     Within months of that decision, the District amended its Rule 1146.2 to set a limit of zero $NO_x$ (nitrogen oxides) emissions for EPCA-covered gas-fired water heaters, boilers, and process heaters. As the district court found, because $NO_x$ is an inevitable byproduct of combustion, the District's zero-$NO_x$ rule "effectively bans the use of covered gas fueled" appliances. D.Ct.Dkt.81 at 6. Rule 1146.2 sets schedules for the rollout of the zero-$NO_x$ limits depending on the type of

2

gas appliance and whether it is in an existing or new building. The first zero-$NO_x$ limits for smaller appliances in new buildings will take effect January 1, 2026. *See* S. Coast AQMD R. 1146.2(d)(1)-(2).

**3.** The question in this case is whether the District's effective ban on EPCA-covered gas appliances is a preempted "regulation concerning the … energy use" of those products, 42 U.S.C. §6297(c), as this Court interpreted that phrase in *California Restaurant Ass'n*. Put another way, does the fact that the District banned gas appliances by banning their emissions distinguish its rule from Berkeley's attempt to ban gas appliances by banning the piping necessary to fuel them?

On cross-motions for summary judgment, the district court held that the zero-$NO_x$ rule was not preempted because, despite effectively banning gas appliances, the rule "concerns the pollution appliances emit, and not how much energy an appliance uses, and is therefore outside the scope of" this Court's *California Restaurant Ass'n* holding. D.Ct.Dkt.81 at 6, 9-10.

**4.** Plaintiffs timely appealed. D.Ct.Dkt.83. Plaintiffs also moved in this district court under Civil Rule 62(d) for an injunction pending appeal. D.Ct.Dkt.85. That motion is fully briefed and remains pending, with a hearing set for September 29, 2025.[1]

---

[1] If the district court denies the motion, Plaintiffs intend to move for an injunction pending appeal in this Court. *See* Fed. R. App. P. 8(a).

3

Under this Court's briefing schedule, Plaintiffs' opening brief is due September 22, the answering briefs are due October 22, and Plaintiffs' reply will be due November 12. Dkt.2.1 at 3-4. Neither the District nor the Intervenors has identified any concern with this briefing schedule, and counsel for the District indicated that the schedule is acceptable.

## ARGUMENT

Circuit Rule 27-12 provides that "[m]otions to expedite briefing and hearing … will be granted upon a showing of good cause." 9th Cir. R. 27-12. There is good cause to expedite when "irreparable harm may occur" absent expedited treatment. *Id.*; *accord Hilo v. Exxon Corp.*, 997 F.2d 641, 643 (9th Cir. 1993) (noting that the Court expedited and granted an injunction pending appeal where the appeal could not be resolved in time to prevent irreparable harm to franchisee gas service station dealers from the franchisor's withdrawal from the Los Angeles market).

**1.** That is the case here. Once the District's zero-$NO_x$ rule takes effect on January 1, 2026, Plaintiffs will suffer serious harm that cannot be unwound if the rule is later enjoined. As detailed below, Plaintiffs will suffer not only lost sales and revenues (which cannot be recouped here) but also the loss of customers, goodwill, and reputation, all of which have been recognized as irreparable injuries. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 841 (9th Cir. 2001) (loss of customers and accompanying goodwill and revenue); *Am. Rena Int'l Corp. v. Sis-Joyce Int'l Co.*, 534 F. App'x 633, 636 (9th Cir. 2013) (threatened loss of

4

customers or intangible injuries to goodwill).  Plaintiffs will also suffer business disruptions from needing to restructure supply and distribution chains, modify relationships with contractors, and revise development and investment plans.  *See Am. Trucking Ass'ns v. City of Los Angeles*, 559 F.3d 1046, 1058-59 (9th Cir. 2009) (being "forced to incur large costs" that "disrupt and change the whole nature of [one's] business in ways that most likely cannot be compensated with damages alone" constituted irreparable harm).  And small business owners and employees will lose job hours and opportunities and may be laid off or lose the opportunity to pursue their professions.  *See Ariz. Dream Act Coal. v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014) (loss of opportunity to pursue one's chosen profession); *hiQ Labs, Inc. v. LinkedIn Corp.*, 31 F.4th 1180, 1188 (9th Cir. 2022) (threat of being driven out of business).  And being forced to comply with "conditions which are likely unconstitutional because they are preempted" is itself a harm that "cannot be adequately remedied through damages."  *Am. Trucking*, 559 F.3d at 1058-59 (cleaned up).

**2.**  Plaintiffs filed in the district court, and are attaching here for this Court's convenience, declarations attesting to the serious harms they will suffer in 2026 once the zero-$NO_x$ rule goes into effect.

Noritz America Corporation identified the following concrete harms, among others, that it will suffer in 2026:  Noritz "has significant sales of gas tankless water heaters in California, approximately $35 million.  A majority of those sales are made to customers in the jurisdiction of" the

5

District. Ex.A (D.Ct.Dkt.85-3) ¶2. Noritz estimates $4 million in lost revenue in 2026. *Id.* "[S]ales that Noritz is losing now because of the zero-$NO_x$ rule also will translate to additional lost sales for replacement of those lost units in future decades." *Id.* ¶9. "Noritz … must consider closing its facilities and eliminating, or moving out of California all together, its approximately 120 employee positions, 50 of which are located in the District." *Id.* ¶10. "Many of the distributors have long-standing relationships with Noritz that were built over years, if not decades. Noritz spent millions of dollars to grow its brand and distributor relationships in the District." *Id.* ¶13. And "because Noritz has not previously offered electric heat pumps, … it would have to begin competing with established heat pump suppliers, who are much larger, have established reputations, and have economic advantages that Noritz could not overcome." *Id.*

The picture is similar for Rinnai America Corp. Ex.B (D.Ct.Dkt.85-2). Rinnai has spent decades "invest[ing] in developing a robust ecosystem of employees, distributors, contractors, and builders dedicated to gas tankless water heating" in the District. *Id.* ¶6. If the zero-$NO_x$ rule takes effect, "[i]t will dismantle the ecosystem [Rinnai] ha[s] spent decades building—an ecosystem that cannot be easily rebuilt or converted." *Id.* ¶7; *see also id.* ¶¶10-11. Rinnai "faces approximately $8.5 million in lost direct sales" in 2026. *Id.* ¶7. It would have to lay off employees from its "highly specialized workforce," including "engineers, manufacturing

teams, and sales professionals[] who have devoted their careers to advancing tankless water heating technology" and are not easily replaced. *Id.* ¶¶8-9. "Rinnai and Noritz, recognized leaders in gas tankless, hold no comparable position in" residential gas storage water heaters (which Rule 1146.2 generally does not cover) or in electric heat pumps. *Id.* ¶12. So the outcome would be "a forced reallocation of market share away from [Rinnai's] core technology into sectors where [it] do[es] not hold a strong competitive position." *Id.*

The union plumbers and pipefitters who are members of the California State Pipe Trades Council and affiliated U.A. Local 364 will also suffer irreparable harm in 2026. They have already lost work hours and job opportunities in the District because developers are eliminating gas-piping service in anticipation of the rule. That situation will continue to deteriorate once the rule takes effect. Ex.C (D.Ct.Dkt.85-4) ¶¶6, 10. Gas-related work "is a substantial part of [Local 364] members' work," and as that "work dries up, [its] members will suffer greater losses of income and difficulty supporting their families." *Id.* ¶10. Members will also have "difficulty obtaining the work hours needed to qualify for health-and-welfare … benefits and to fund their retirement benefits." *Id.*

Likewise, the members of Plumbing-Heating-Cooling Contractors of California include family-owned plumbing businesses—like Mike Prencavage's business—for whom gas appliance-related repair, replacement, and installation make up the majority of their work. Once

the zero-$NO_x$ rule goes into effect, these small businesses will have to lay off employees, sell assets, or shift to other lines of business, threatening their survival. They will suffer disruptions caused by losing customers and goodwill, needing new equipment, and having to retrain employees. Ex.D (D.Ct.Dkt.85-5) ¶¶3-7; Ex.E (D.Ct.Dkt.85-6) ¶¶5-8.

Members of the California Hotel & Lodging Association and the National Association of Homebuilders will also suffer harm that cannot be undone once the rule takes effect. The hotel and residential construction industries are in the planning and permitting stages now for new buildings that will be built starting in 2026 or later. Ex.F (D.Ct.Dkt.85-7) ¶¶5-6; Ex.G (D.Ct.Dkt.85-8) ¶¶7-8. Decisions made over the coming months as part of that process will be affected by the timeline for resolution of the rule's validity. The longer the rule is in effect, the more developments will have to be planned and permitted for electric appliances covered by the rule, which affects construction costs, layout, design, and availability of amenities. And reversing course if the rule is later enjoined would be difficult and costly. Ex.F ¶¶5-7; Ex.G ¶10.

***

In sum, there is good cause to expedite this appeal so as to avoid or at least mitigate the irreparable harms Plaintiffs will suffer if the District's zero-$NO_x$ rule takes effect while this Court is considering this case on the merits. The longer the rule is in place, the greater the harm will be. Even months to a year of the rule being in effect will have serious

8

consequences that cannot meaningfully be remedied. Sales lost will not be regained, nor will company goodwill or inter-business relationships easily be reestablished. Businesses will have been forced to change supplier and distribution networks, sell equipment and assets, shift product lines, and lay off employees. And plumbers and pipefitters will have lost work opportunities and hours and may have had to give up their chosen profession. This Court should act to minimize the damage.

## CONCLUSION

For these reasons, the Court should expedite this appeal, enforce the existing briefing schedule without extensions, and set the case for oral argument on the next available calendar after briefing is complete.

Dated: September 16, 2025      Respectfully submitted,

 

Sarah O. Jorgensen                  */s/ Courtland L. Reichman*
REICHMAN JORGENSEN             Courtland L. Reichman
  LEHMAN & FELDBERG LLP      REICHMAN JORGENSEN
1201 W. Peachtree St., Suite 2300    LEHMAN & FELDBERG LLP
Atlanta, GA 30309             100 Marine Parkway, Suite 300
                                Redwood Shores, CA 94605
Brian C. Baran                 (650) 623-1401
REICHMAN JORGENSEN             creichman@reichmanjorgensen.com
  LEHMAN & FELDBERG LLP
1909 K St. NW, Suite 800
Washington, DC 20006

*Counsel for Plaintiffs–Appellants Rinnai America Corp., Noritz America Corp., National Association of Home Builders, California Manufacturers & Technology Association, California Restaurant Association, California Hotel & Lodging Association, California Apartment Association, and Plumbing-Heating-Cooling Contractors of California*

John J. Davis, Jr.              Matthew P. Gelfand
Luke Dowling               CALIFORNIANS FOR
MCCRACKEN, STEMERMAN &      HOMEOWNERSHIP, INC.
  HOLSBERRY LLP           525 S. Virgil Ave.
475 – 14th Street, Suite 1200     Los Angeles, CA 90020
Oakland, CA 94612           (213) 739-8206
(415) 597-7200              matt@caforhomes.org
jjdavis@msh.law

*Counsel for Plaintiff–Appellant*    *Counsel for Plaintiff–Appellant*
*California State Pipe Trades*      *Californians for Homeownership,*
*Council*                        *Inc.*

Angelo I. Amador
RESTAURANT LAW CENTER
2055 L Street, NW, Suite 700
Washington, DC 20036
(202) 331-5913
aamador@restaurant.org

*Counsel for Plaintiff–Appellant*
*Restaurant Law Center*

## CERTIFICATE OF COMPLIANCE

This motion complies with the relevant type-volume limitation of the Federal Rules of Appellate Procedure and Ninth Circuit Rules because it has been prepared using a proportionally spaced typeface and includes 2029 words.

I certify under Circuit Rule 25-5(f) that all parties on whose behalf this motion is submitted concur in its content.

Dated: September 16, 2025       _/s/ Courtland L. Reichman_
Courtland L. Reichman

# Exhibit A

## D.Ct.Dkt.85-3–

Declaration of Jay Hassel ISO
Plaintiffs' Motion for Injunction
Pending Appeal

1  Courtland L. Reichman (SBN: 268873)
     creichman@reichmanjorgensen.com
2  Brian C. Baran (SBN: 325939)
     bbaran@reichmanjorgensen.com
3  REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
   100 Marine Parkway, Suite 300
4  Redwood Shores, CA 94065
   Tel.: (650) 623-1401; Fax: (650) 560-3501
5
   *Attorneys for Plaintiffs Rinnai America Corp., Noritz*
6  *America Corp., National Association of Home*
   *Builders, California Manufacturers & Technology*
7  *Association, California Restaurant Association,*
   *California Hotel & Lodging Association, California*
8  *Apartment Association, and Plumbing-Heating-*
   *Cooling Contractors of California*
9
   ADDITIONAL COUNSEL ON FOLLOWING PAGE
10
11          **UNITED STATES DISTRICT COURT**
            **CENTRAL DISTRICT OF CALIFORNIA**
12
13  RINNAI AMERICA CORP., et al.

14          Plaintiffs,                      Civil Action No.

            v.                               2:24-cv-10482 PA(PDx)
15
   SOUTH COAST AIR QUALITY                   **DECLARATION OF JAY**
16  MANAGEMENT DISTRICT,                     **HASSEL IN SUPPORT OF**
                                             **PLAINTIFFS' MOTION FOR**
            Defendant,                       **INJUNCTION PENDING**
17                                           **APPEAL**
   And
18
   PEOPLE'S COLLECTIVE FOR
19  ENVIRONMENTAL JUSTICE, SIERRA
   CLUB, and INDUSTRIOUS LABS,
20
            Defendant-Intervenors.
21
22
23
24

ADDITIONAL COUNSEL

Sarah O. Jorgensen (*pro hac vice*)
   sjorgensen@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
   FELDBERG LLP
1201 West Peachtree St., Suite 2300
Atlanta, GA 30309
Tel.: (650) 623-1403; Fax: (650) 560-
   3501

Sean Kneafsey
   skneafsey@kneafseyfirm.com
THE KNEAFSEY FIRM, INC.
707 Wilshire Blvd., Suite 3700
Los Angeles, CA 90017
Tel.: (213) 892-1200; Fax: 213-892-1208

*Attorneys for Plaintiffs Rinnai America
Corp., Noritz America Corp., National
Association of Home Builders, California
Manufacturers & Technology Association,
California Restaurant Association,
California Hotel & Lodging Association,
California Apartment Association, and
Plumbing-Heating-Cooling Contractors of
California*

John J. Davis, Jr. (SBN 65594)
   jjdavis@msh.law
MCCRACKEN, STEMERMAN & HOLSBERRY
LLP
475 – 14th Street, Suite 1200
Oakland, CA 94612
Tel.: (415) 597-7200; Fax: (415) 597-
7201

*Attorneys for Plaintiff California State
Pipe Trades Council*

Matthew P. Gelfand (SBN 297910)
   matt@caforhomes.org
CALIFORNIANS FOR HOMEOWNERSHIP,
INC.
525 S. Virgil Ave.
Los Angeles, California 90020
Tel.: (213) 739-8206; Fax: (213) 480-
7724

*Attorney for Plaintiff Californians for
Homeownership, Inc.*

Angelo I. Amador (*pro hac vice*)
   aamador@restaurant.org
RESTAURANT LAW CENTER
2055 L Street, NW, Suite 700
Washington, DC 20036
Tel.: (202) 331-5913 Fax: (202) 331-
2429

*Attorney for Plaintiff Restaurant Law
Center*

I, Jay Hassel, hereby declare as follows:

1.      I am President at Noritz America Corporation ("Noritz").  Having been in that role since 2017, and in the previous years from 2005 to 2017 having been a Vice President at Noritz, I am personally aware of the specific details of the finances, management, and operations at Noritz. As such, I have personal knowledge of the following facts and, if called to testify, I could and would testify competently to their truth and accuracy.

2.      Noritz is a leading manufacturer and seller of gas instantaneous (tankless) water heaters in the United States. Noritz has its headquarters located in the South Coast Air Quality Management District, specifically, Fountain Valley in Orange County, California. Noritz is a wholly owned subsidiary of Noritz Corporation (Japan). Noritz's product line incorporates condensing and non-condensing instantaneous water heaters and condensing combination gas boilers.  We have also recently sold a small number of integrated hybrid electric heat pump water heaters.  Noritz started doing business in the United States selling gas tankless water heaters in 2002.  Although the market share varies from year to year, Noritz currently sells about 10% of gas tankless water heaters in the United States, and it has significant sales of gas tankless water heaters in California, approximately $35 million.  A majority of those sales are made to customers in the jurisdiction of the South Coast Air Quality Management District.

3.      Noritz is a member of a local affiliate of Plaintiff National Association of Home Builders, a nonprofit corporation that represents the U.S. residential building construction industry.

4.      Noritz is experiencing, or will imminently experience, harm in the form of economic injuries, lost sales, and altered business practices because of the

impending ban on its appliances under the District's rule imposing zero-$NO_x$ emission limits on gas fired boilers, water heaters, and process heaters (the "zero-$NO_x$ rule").

5.     Noritz is already suffering several distinct types of harm from the zero-NOx rule.

6.     First, Noritz has already lost sales in the new home market in 2025 and expects further losses leading up to 2026.  The new-home market previously comprised up to about half of all sales for Noritz in the District territory.  Although gas heaters and boilers have traditionally been installed in up to 80% of new construction in the homebuilding market, the industry is moving exclusively to electric heat pumps, in anticipation of the District's zero-$NO_x$ rule.  Consequently, Noritz's sales in the new home market have been virtually eliminated because of the rule. A stay of the rule pending appeal would allow homebuilders who wish to do so to resume making purchases of Noritz products for the new-home market until the validity of the adoption of the rule can determined by the courts.  As part of Noritz's sales interactions with the homebuilding industry, Noritz has seen a drastic decrease in sales of its products that are impacted by the provisions of the zero-Nox rule that are set to go into effect on January 1, 2026.  Even with significant efforts to make up lost sales with focus on different products or products in different segments that are not prohibited by the rule, sales of such Noritz products have dropped by approximately 10 percent so far in 2025.  This dramatic drop translates to approximately $4 million in lost revenue on an annualized basis.

7.     Homebuilding projects have lead-times typically of 6 to 12 months or longer because of the need for planning and permitting approval for both the water heating units, as well as the mechanical and energy systems that interact with the

appliances. Consequently, Noritz has large customers who are already changing purchase decisions for the water heaters they plan to install after the start of 2026. This drastic change in purchasing behavior can be explained only by the impact of the impending zero-NOx rule; there has been no other economic or regulatory change that would impact sales of Noritz's appliances at that time and in that way. Indeed, several builders who are customers for the affected products have stated that when stopping purchases.

8. The zero-NOx rule has not only caused a decrease in overall sales of products affected directly by the rule, the competition for the remaining customers in the market for products that are not prohibited has intensified among the suppliers such that prices and margins have decreased. For instance, the costs of sales and marketing have increased significantly to achieve those sales in this intensely competitive market. The average rebates Noritz provides to contractors to incentivize sales of tankless water heaters has also markedly increased in recent months. The rule has thus also affected Noritz's sales and marketing expenses, product pricing, and profit margins on both gas tankless water heaters and other products.

9. Second, the loss of initial sales for the new home market also causes the loss of replacement sales. Typically, a substantial portion of Noritz sales are for replacement of Noritz units that have reached the end of their useful life. For instance, switching to a water heater with a different fuel source, or even a different brand of water heater with the same fuel source, can involve modifications to space or hook ups, such that many homeowners replace an old unit with a similar unit from the same manufacturer. Thus, sales that Noritz is losing now because of the zero-NOx rule also will translate to additional lost sales for replacement of those lost units in future decades.

10.    Additionally, as Noritz has its headquarters in California, Noritz may be forced to consider leaving the state if its primary business of tankless water heaters is not allowed to be conducted in the largest existing market for its products. Noritz, headquartered in the very District banning its gas products, must consider closing its facilities and eliminating, or moving out of California all together, its approximately 120 employee positions, 50 of which are located in the District.

11.    Third, the consequences of the zero-$NO_x$ rule are affecting Noritz's long-term investment, manufacturing, marketing, and distribution plans. If Noritz Corporation (Japan) does not pull out of the U.S. market altogether and Noritz continues to supply appliances for the California market, this would be limited to Noritz's integrated hybrid electric heat pump water heaters. Because of the larger size and configuration of heat pump water heaters, Noritz would have to secure new storage facilities that are substantially larger than its current storage facilities, and its transportation and distribution costs would substantially increase.

12.    Because of the size of the California market for the banned products, the business disruption caused by the zero-$NO_x$ rule is, and will be, significant in 2025, 2026, and beyond. Noritz will lose its market share and name recognition, will lose customers, and will lose the associated goodwill.

13.    Currently, most of Noritz's sales in the District are sold through distributors, who in turn resell to installation contractors. Noritz's wholesale distributors would also incur these increased storage, transportation, and distribution costs associated with the larger electric heat pump units. However, because of space limitations, many of the wholesale distributors would instead likely be forced to reduce product lines they offer to fit their current space, such that Noritz would very likely

4

1  face losing sales to those customers or losing those customers altogether. Many of the
2  distributors have long-standing relationships with Noritz that were built over years, if
3  not decades. Noritz spent millions of dollars to grow its brand and distributor
4  relationships in the District region. Additionally, because Noritz has not previously
5  offered electric heat pumps, if it wanted to remain as a supplier in the California market,
6  it would have to begin competing with established heat pump suppliers, who are much
7  larger, have established reputations, and have economic advantages that Noritz could
8  not overcome. For these reasons and others, there is a significant likelihood that the
9  zero-$NO_x$ rule could make Noritz's operations in the District and in California
10 commercially unviable such that they would have to cease.

11      14.   If the zero-NOx rule remains in place and goes into effect as currently
12 planned, and the rule is not stayed pending the appeal of the trial court's decision, the
13 economic harm to Noritz will likely be so severe, and irreversible, that Noritz will have
14 no choice but to reduce operations, try to reconfigure its sales and distribution
15 networks, and implement layoffs of workers in 2026.

16      I declare under penalty of perjury under the laws of the United States of America
17 that the above facts are true and correct.

18      Executed on August 26, 2025, in Fountain Valley, California.



Jay Hassel

5

# **<u>Exhibit B</u>**

## D.Ct.Dkt.85-2–

Declaration of Frank Windsor ISO
Plaintiffs' Motion for Injunction
Pending Appeal

1    Courtland L. Reichman (SBN: 268873)
       creichman@reichmanjorgensen.com
2    Brian C. Baran (SBN: 325939)
       bbaran@reichmanjorgensen.com
3    REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
     100 Marine Parkway, Suite 300
4    Redwood Shores, CA 94065
     Tel.: (650) 623-1401; Fax: (650) 560-3501

5
     *Attorneys for Plaintiffs Rinnai America Corp., Noritz*
6    *America Corp., National Association of Home*
     *Builders, California Manufacturers & Technology*
7    *Association, California Restaurant Association,*
     *California Hotel & Lodging Association, California*
8    *Apartment Association, and Plumbing-Heating-*
     *Cooling Contractors of California*
9
     ADDITIONAL COUNSEL ON FOLLOWING PAGE
10

11              **UNITED STATES DISTRICT COURT**
              **CENTRAL DISTRICT OF CALIFORNIA**
12

13   RINNAI AMERICA CORP., et al.

14              Plaintiffs,                        Civil Action No.

15              v.                                 2:24-cv-10482 PA(PDx)

16   SOUTH COAST AIR QUALITY
     MANAGEMENT DISTRICT,                          **DECLARATION OF FRANK**
                                                   **WINDSOR IN SUPPORT OF**
16              Defendant,                         **PLAINTIFFS' MOTION FOR**
                                                   **INJUNCTION PENDING**
17   And                                           **APPEAL**

18   PEOPLE'S COLLECTIVE FOR
     ENVIRONMENTAL JUSTICE, SIERRA
19   CLUB, and INDUSTRIOUS LABS,

20              Defendant-Intervenors.

21

22

23

24

ADDITIONAL COUNSEL

Sarah O. Jorgensen (*pro hac vice*)
   sjorgensen@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
   FELDBERG LLP
1201 West Peachtree St., Suite 2300
Atlanta, GA 30309
Tel.: (650) 623-1403; Fax: (650) 560-
   3501

Sean Kneafsey
   skneafsey@kneafseyfirm.com
THE KNEAFSEY FIRM, INC.
707 Wilshire Blvd., Suite 3700
Los Angeles, CA 90017
Tel.: (213) 892-1200; Fax: 213-892-1208

*Attorneys for Plaintiffs Rinnai America
Corp., Noritz America Corp., National
Association of Home Builders, California
Manufacturers & Technology Association,
California Restaurant Association,
California Hotel & Lodging Association,
California Apartment Association, and
Plumbing-Heating-Cooling Contractors of
California*

John J. Davis, Jr. (SBN 65594)
   jjdavis@msh.law
MCCRACKEN, STEMERMAN & HOLSBERRY
LLP
475 – 14th Street, Suite 1200
Oakland, CA 94612
Tel.: (415) 597-7200; Fax: (415) 597-
7201

*Attorneys for Plaintiff California State
Pipe Trades Council*

Matthew P. Gelfand (SBN 297910)
   matt@caforhomes.org
CALIFORNIANS FOR HOMEOWNERSHIP,
INC.
525 S. Virgil Ave.
Los Angeles, California 90020
Tel.: (213) 739-8206; Fax: (213) 480-
7724

*Attorney for Plaintiff Californians for
Homeownership, Inc.*

Angelo I. Amador (*pro hac vice*)
   aamador@restaurant.org
RESTAURANT LAW CENTER
2055 L Street, NW, Suite 700
Washington, DC 20036
Tel.: (202) 331-5913 Fax: (202) 331-
2429

*Attorney for Plaintiff Restaurant Law
Center*

I, Frank Windsor, hereby declare as follows:

1.      I am President of Rinnai America Corporation. I have personal knowledge of the following facts and, if called to testify, I could and would testify competently to their truth and accuracy.

2.      I previously submitted an affidavit in this case, dated April 14, 2025, describing the imminent harm that Rinnai was facing from the South Coast Air Quality Management District's ("District") Rule 1146.2, which imposes zero-NOx limits on gas tankless water heaters and boilers, among other appliances, precluding their sale or installation. I am submitting this affidavit to further detail the harm to Rinnai that will occur if the Rule goes into effect on January 1, 2026 as scheduled.

3.      Rinnai is one of the leading manufacturers and sellers of gas instantaneous (tankless) water heaters in the United States. Rinnai sells roughly 35% of gas tankless water heaters in the United States. Rinnai also sells commercial hybrid tank/tankless water heaters, residential and commercial condensing tankless boilers, residential condensing combination water heaters/boilers, and electric heat pump water heaters.

4.      Rinnai is a member of Plaintiff National Association of Home Builders, a nonprofit corporation that represents the U.S. residential building construction industry. Rinnai is also a member of Plaintiff California Manufacturers & Technology Association, a nonprofit organization that represents the businesses from the manufacturing community.

5.      Rinnai maintains a particularly strong presence in California, and especially within the South Coast Air Quality Management District ("District"), where Rinnai and Noritz are recognized as the two primary leaders in the gas tankless sector.

6.      This leadership is not a matter of chance. Over decades, Rinnai has

1

carefully designed and executed strategies that address the District's unique market conditions and consumer needs. Beyond building high-quality products, we have invested in developing a robust ecosystem of employees, distributors, contractors, and builders dedicated to gas tankless water heating. That ecosystem is sustained by long-standing relationships, specialized training, and mutual investments of time and resources.

7.      If the District's zero-NOx rule takes effect on January 1, 2026, the consequences will extend far beyond near-term lost sales. It will dismantle the ecosystem we have spent decades building—an ecosystem that cannot be easily rebuilt or converted. From the effective date through the end of 2026, when an appellate decision is reasonably expected, Rinnai alone faces approximately $8.5 million in lost direct sales. These losses are not merely financial entries on a balance sheet; they represent lost opportunities that cannot be recovered and provide only a glimpse into the irreparable harm that will result if this rule is implemented on January 1, 2026.

8.      Indeed, the harm extends well beyond lost sales. Rinnai has made substantial, targeted investments in research and development tailored specifically to the District's existing NOx standards. These investments include dedicated engineering teams, specialized testing equipment, and product innovations created exclusively for low-NOx gas tankless applications. The individuals behind this work are not easily replaced. They represent a highly specialized workforce—engineers, manufacturing teams, and sales professionals—who have devoted their careers to advancing tankless water heating technology.

9.      If sales and production decline as anticipated, Rinnai will be required to adjust its workforce levels.  Such adjustments, including potential layoffs, would risk

2

the loss of valuable expertise and institutional knowledge across sales, production, distribution, or product development—capabilities that are not easily replaced and are critical to Rinnai's long-term competitiveness. Beyond these organizational impacts, such changes would also affect employees who rely on their positions to support their families and maintain financial stability..

10.     Equally damaging is the impending collapse of Rinnai's distribution and service channels. Our wholesale partners, installation contractors, and service providers have spent years developing their businesses or lines of business around gas tankless and boiler products. If forced to abandon these sales beginning January 1, 2026, they will suffer significant losses and some may attempt to pivot toward alternate technologies. But such a pivot is far from simple. Many of these partners already operate on razor-thin margins and are under immense strain from inflation, elevated borrowing costs, and weakening consumer demand. For some, the transition will prove impossible.

11.     The revenues tied to this distribution ecosystem amount to approximately $42,000,000 for Rinnai's distributors and installers for the year 2026. But the impact cannot be measured in dollars alone. Once distributors and contractors exit the market or permanently realign with competitors or with other products, Rinnai will lose not only near-term sales, but also the long-term business relationships that underpin service and replacement opportunities for decades to come. These relationships, once severed, cannot be reconstituted easily, if at all.

12.     If Rule 1146.2 goes into effect on January 1, 2026, Rinnai's loss of customers, goodwill, and market share will be both immediate and structural. By eliminating gas tankless products, while leaving gas storage untouched, the rule

effectively transfers our hard-earned share of the water heating market to a small group of dominant competitors that sell both gas storage tanks and electric heat pump water heaters. New construction is likely to increasingly shift toward electric storage (including heat pump)—a market concentrated in the hands of a few major players. Rinnai and Noritz, recognized leaders in gas tankless, hold no comparable position in either of those categories. The outcome is a forced reallocation of market share away from our core technology into sectors where we do not hold a strong competitive position.

13.     This shift not only harms our company, it undermines the District's own stated policy objectives. For decades, gas tankless technology has steadily displaced gas storage, offering consumers and builders easier installation, higher efficiency, longer product life, and lower emissions. Halting that trajectory reverses years of adoption of more efficient solutions and threatens to nullify the very environmental benefits Rule 1146.2 claims to promote.

14.     Finally, the reputational and strategic harm cannot be overstated. For decades, Rinnai has earned the trust of contractors, builders, and consumers by positioning itself as a leader in tankless innovation through years of deliberate investment and effort. If our products are abruptly banned, our visibility and presence in one of the nation's largest and most influential markets will virtually disappear overnight.

15.     Beyond lost sales and distribution revenues, Rinnai stands to lose the benefits of approximately $1,500,000 in assets and marketing investments made specifically for this region if the rule is not stayed.

16.     These losses are neither speculative nor recoverable. They represent the

4

permanent erosion of market share, the collapse of customer trust, the loss of highly trained and skilled employees, and the undoing of decades of progress. For these reasons, unless enforcement of Rule 1146.2 is stayed pending appeal, the harm to Rinnai and the networks it supports will be permanent and devastating.

17.    Because of the size of the District's market for the banned products and the overall significance of the California market, the business losses and disruption caused by the zero-$NO_x$ rule will be significant and lasting.

I declare under penalty of perjury under the laws of the United States of America that the above facts are true and correct.

Executed on August 27, 2025 in Peachtree City, Georgia.



_____

Frank Windsor

# Exhibit C

## D.Ct.Dkt.85-4–

Declaration of Joe Raymond ISO
Plaintiffs' Motion for Injunction
Pending Appeal

Courtland L. Reichman (SBN: 268873)
    creichman@reichmanjorgensen.com
Brian C. Baran (SBN: 325939)
    bbaran@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
100 Marine Parkway, Suite 300
Redwood Shores, CA 94065
Tel.: (650) 623-1401; Fax: (650) 560-3501

*Attorneys for Plaintiffs Rinnai America Corp., Noritz
America Corp., National Association of Home
Builders, California Manufacturers & Technology
Association, California Restaurant Association,
California Hotel & Lodging Association, California
Apartment Association, and Plumbing-Heating-
Cooling Contractors of California*

ADDITIONAL COUNSEL ON FOLLOWING PAGE

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RINNAI AMERICA CORP., et al. | Case No. 2:24-cv-10482 PA(PDx) |
| Plaintiffs, | Hon. Percy Anderson |
| v. | **DECLARATION OF JOE RAYMOND IN SUPPORT OF PLAINTIFFS'-APPELLANTS' MOTION FOR INJUNCTION PENDING APPEAL** |
| SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT, | |
| Defendant, | |
| And | Hearing date:  Not scheduled |
| PEOPLE'S COLLECTIVE FOR ENVIRONMENTAL JUSTICE, SIERRA CLUB, and INDUSTRIOUS LABS, | Hearing time:  Not scheduled
Hearing place: 350 West First Street
Courtroom:     9A |
| Defendant-Intervenors. | |
| _____/ | |

ADDITIONAL COUNSEL

Sarah O. Jorgensen (*pro hac vice*
  forthcoming)
  sjorgensen@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
  FELDBERG LLP
1201 West Peachtree St., Suite 2300
Atlanta, GA 30309
Tel.: (650) 623-1403; Fax: (650) 560-3501

Sean Kneafsey
  skneafsey@kneafseyfirm.com
THE KNEAFSEY FIRM, INC.
707 Wilshire Blvd., Suite 3700
Los Angeles, CA 90017
Tel.: (213) 892-1200; Fax: 213-892-1208

*Attorneys for Plaintiffs Rinnai America
Corp., Noritz America Corp., National
Association of Home Builders, California
Manufacturers & Technology Association,
California Restaurant Association,
California Hotel & Lodging Association,
California Apartment Association, and
Plumbing-Heating-Cooling Contractors of
California*

John J. Davis, Jr. (SBN 65594)
  jjdavis@msh.law
MCCRACKEN, STEMERMAN & HOLSBERRY
LLP
475 – 14th Street, Suite 1200
Oakland, CA 94612
Tel.: (415) 597-7200; Fax: (415) 597-7201

*Attorneys for Plaintiff California State
Pipe Trades Council*

Matthew P. Gelfand (SBN 297910)
  matt@caforhomes.org
CALIFORNIANS FOR HOMEOWNERSHIP,
INC.
525 S. Virgil Ave.
Los Angeles, California 90020
Tel.: (213) 739-8206; Fax: (213) 480-
7724

*Attorney for Plaintiff Californians for
Homeownership, Inc.*

Angelo I. Amador (*pro hac vice*
forthcoming)
  aamador@restaurant.org
RESTAURANT LAW CENTER
2055 L Street, NW, Suite 700
Washington, DC 20036
Tel.: (202) 331-5913 Fax: (202) 331-
2429

*Attorney for Plaintiff Restaurant Law
Center*

**Decl. of Joe Raymond iso Mot. for Injunction Pending Appeal Case No. 2:24-cv-10482 PA(PDx)**

I, Joe Raymond, declare:

1.  I am the Business Manager of Plumbers and Pipefitters Local Union No. 364.  Local 364 represents plumbers, pipefitters, refrigeration fitters and HVAC technicians in San Bernardino and Riverside Counties of California.

2.  Local 364 is a chartered affiliate of the United Association of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada, AFL-CIO CLC.  Local 364 is also an affiliate of the California State Pipe Trades Council, a statewide organization, and Pipe Trades District Council No. 16, which includes thirteen Local Unions that represent more than 10,000 Union members in southern California who work throughout the jurisdiction of the South Coast Air Quality Management District.

3.  Local 364 represents approximately 800 plumbers, pipefitters, steamfitters, welders, refrigeration fitters, and HVAC technicians working in Riverside and San Bernardino counties, which lie within the territory of the South Coast AQMD.  Local 364's principal office is in Colton, California.

4.  Our District Council, Local Unions, signatory contractors, and Joint Apprenticeship and Training Committees spend tens of millions of dollars annually in training apprentices and educating our members in work skills, plumbing codes, jobsite hazards, safety practices, theory, and certification of all installations.  Our mission is to educate, train, and represent highly skilled journey workers and apprentices; to support the working conditions and environment of our members; and to protect the health of California residents by providing quality plumbing and pipe fitting services.

5.  The South Coast Air Quality Management District's rule imposing zero-$NO_x$ emission limits on natural gas boilers, water heaters, and process heaters (the "zero-$NO_x$ rule") is causing and will continue to cause serious harm to the Council, our District Council, our Local Unions, and the workers we represent.

6.  Union plumbers and pipefitters are losing work and wages as a result of the zero-$NO_x$ rule.  Members have already lost work and wages because residential

construction projects traditionally built with natural gas service for gas-fired heating and appliances are now being designed and built without gas service or appliances, and often without gas infrastructure at all, in preparation for compliance with the District's zero-$NO_x$ rule.  With the gas plumbing work reduced or eliminated from many building projects, the projects will involve substantially less plumbing work and will employ fewer plumbers. The loss of work on gas infrastructure will cost many of our members their jobs, reduce the need for their services, result in lower hours worked and wages earned by members, and impair our training programs.  These harms will only be exacerbated once the zero-$NO_x$ rule goes into effect.

7.    For example, one of our members is a superintendent for a signatory contractor that does plumbing work on new single- and multi-family home construction. He tells me that because of the new AQMD zero-$NO_x$ rule, over the past year or so developers have started specifying electric heat pumps for the HVAC systems instead of the traditional gas-fired units they have specified in the past.  The cost of heat pumps is higher and the efficiency is lower than with gas-fired units, and the change is a huge blow to our members in lost work and wages.

8.    For another example, one of our signatory plumbing contractors has a subcontract on the construction of student housing with 600-plus apartments for U.C. Riverside.  Traditionally, such apartments have been built with gas service for gas-fired kitchen stoves.  Our contractors and members have traditionally installed the gas-service piping and gas-fired stoves, and this work on a job like the U.C. Riverside apartments would have provided about 25,000 hours of work for our members.  But the U.C. Riverside project calls for electric stoves, so our members have lost that work and the wages it would have produced.

9.    Moreover, gas service would have provided a greater benefit to U.C. and its student-housing residents, because gas is much cheaper to use than electricity.

10.    Since April of this year, the situation has continued to deteriorate.  Owners and developers are designing their projects in anticipation of zero-$NO_x$ requirements even

before the District's rule actually takes effect.  Looking at work coming up in late 2025 and into 2026, residential projects are continuing to specify electric heat pumps and appliances instead of gas-fired boilers, water heaters and appliances.  Gas plumbing and the installation of gas-fired equipment is a substantial part of our members' work, so this trend will continue to take work away from our Union's members.  As this work dries up, our members will suffer greater losses of income and difficulty supporting their families.  These losses mean not only lost wages, but also difficulty obtaining the work hours needed to qualify for health-and-welfare (i.e., medical) benefits and to fund their retirement benefits.  In many instances the consequences will not be repairable.

I declare under penalty of perjury that the above facts are true and correct.

Executed on August 27, 2025, at Colton, California.

_____
Joe Raymond

**Decl. of Joe Raymond iso Mot. for Injunction Pending Appeal Case No. 2:24-cv-10482 PA(PDx)**

# Exhibit D

D.Ct.Dkt.85-5–

Declaration of Mike Prencavage Jr.
ISO Plaintiffs' Motion for Injunction
Pending Appeal

1   Courtland L. Reichman (SBN: 268873)
       creichman@reichmanjorgensen.com
2   Brian C. Baran (SBN: 325939)
       bbaran@reichmanjorgensen.com
3   REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
    100 Marine Parkway, Suite 300
4   Redwood Shores, CA 94065
    Tel.: (650) 623-1401; Fax: (650) 560-3501
5
    *Attorneys for Plaintiffs Rinnai America Corp., Noritz*
6   *America Corp., National Association of Home*
    *Builders, California Manufacturers & Technology*
7   *Association, California Restaurant Association,*
    *California Hotel & Lodging Association, California*
8   *Apartment Association, and Plumbing-Heating-*
    *Cooling Contractors of California*
9
    ADDITIONAL COUNSEL ON FOLLOWING PAGE

10

11          **UNITED STATES DISTRICT COURT**
            **CENTRAL DISTRICT OF CALIFORNIA**

12

13  RINNAI AMERICA CORP., et al.

            Plaintiffs,                        Civil Action No.

14                                             2:24-cv-10482 PA(PDx)
            v.

15  SOUTH COAST AIR QUALITY                   **DECLARATION OF MIKE**
    MANAGEMENT DISTRICT,                      **PRENCAVAGE JR. IN**

16                                             **SUPPORT OF PLAINTIFFS'**
            Defendant,                         **MOTION FOR INJUNCTION**

17                                             **PENDING APPEAL**
    and

18                                             Honorable Percy Anderson
    PEOPLE'S COLLECTIVE FOR                    United States District Judge
19  ENVIRONMENTAL JUSTICE, SIERRA
    CLUB, and INDUSTRIOUS LABS,

20
            Defendant-Intervenors.

21

22

23

24

1

ADDITIONAL COUNSEL

2

Sarah O. Jorgensen (*pro hac vice*)
sjorgensen@reichmanjorgensen.com

3

REICHMAN JORGENSEN LEHMAN &
FELDBERG LLP

4

1201 West Peachtree St., Suite 2300
Atlanta, GA 30309

5

Tel.: (650) 623-1403; Fax: (650) 560-
3501

6

7

Sean Kneafsey
skneafsey@kneafseyfirm.com

8

THE KNEAFSEY FIRM, INC.

9

707 Wilshire Blvd., Suite 3700
Los Angeles, CA 90017

10

Tel.: (213) 892-1200; Fax: 213-892-1208

11

*Attorneys for Plaintiffs Rinnai America
Corp., Noritz America Corp., National
Association of Home Builders, California
Manufacturers & Technology Association,
California Restaurant Association,
California Hotel & Lodging Association,
California Apartment Association, and
Plumbing-Heating-Cooling Contractors of
California*

12

13

14

15

16

John J. Davis, Jr. (SBN 65594)
jjdavis@msh.law

17

MCCRACKEN, STEMERMAN & HOLSBERRY
LLP

18

475 – 14th Street, Suite 1200
Oakland, CA 94612

19

Tel.: (415) 597-7200; Fax: (415) 597-
7201

20

21

*Attorneys for Plaintiff California State
Pipe Trades Council*

22

23

24

Matthew P. Gelfand (SBN 297910)
matt@caforhomes.org

CALIFORNIANS FOR HOMEOWNERSHIP,
INC.

525 S. Virgil Ave.
Los Angeles, California 90020

Tel.: (213) 739-8206; Fax: (213) 480-
7724

*Attorney for Plaintiff Californians for
Homeownership, Inc.*

Angelo I. Amador (*pro hac vice*)
aamador@restaurant.org

RESTAURANT LAW CENTER

2055 L Street, NW, Suite 700
Washington, DC 20036

Tel.: (202) 331-5913 Fax: (202) 331-
2429

*Attorney for Plaintiff Restaurant Law
Center*

I, Mike Prencavage Jr., hereby declare as follows:

1.      I am the owner of The Family Plumber.  We are a member of the Plaintiff California chapter of the Plumbing-Heating-Cooling Contractors Association, and we operate in the jurisdiction of the South Coast Air Quality Management District.  I have personal knowledge of the following facts and, if called to testify, I could and would testify competently to their truth and accuracy.

2.      I submit this declaration in support of Plaintiffs' Motion for Injunction Pending Appeal.

3.      We are a multi-generational, family-owned company.  For over 39 years, our company has specialized in providing top quality plumbing services for residential clients in and throughout Los Angeles and Orange County. Roughly 70% of our total company revenue derives from services we provide in the category of residential gas appliance repair, replacement, and installation.

4.      Once the District's zero-NOx rule comes into effect at the start of 2026, all new constructions will be built without the covered gas appliances (tankless water heaters, large tank water heaters, and boilers) or even without any gas infrastructure at all.  If the Rule is not enjoined and residential and commercial buildings across Los Angeles and Orange County are built in this manner over the next 12 to 18 months, the resulting damage to our company will be irreparable.  Once built without those gas appliances or as allelectric developments, there will be no opportunities for service, repair or replacement for our company.  That segment of the market will effectively be foreclosed to us.  The exclusion of our business ultimately means we will lose roughly 60-70% of our overall business revenue, and lose the repair side of our business altogether.

1

5.     In addition, if the Rule goes into effect, our business will need to take steps immediately to try to pivot to other lines of business in order to survive.  Our working capital will be depleted even further because we will be forced to spend large sums of capital on formal training for our technicians on non-gas products.  We will also have to make decisions about product and business lines that affect our suppliers, the equipment and assets we invest in, and our relationships with customers and builders.

6.     The District's assumption that its rule can move forward without running small concerns like ours out of business is unfounded and incorrect.

7.     Forcefully removing the opportunity for a free and fair market in the gas appliance sector negatively impacts affordability of installation, overall household ownership costs, and customer choice.  We already exist in a volatile industry where competing companies are often un-licensed.  The District's gas appliance ban will result in fewer reliable and licensed businesses providing installation, repair, and replacement services for appliances.

I declare under penalty of perjury under the laws of the United States of America that the above facts are true and correct.

Executed on August 27, 2025, in Los Alamitos, California.


_____

Mike Prencavage Jr.

2

# Exhibit E

## D.Ct.Dkt.85-6–

Declaration of Whitney Squire ISO
Plaintiffs' Motion for Injunction
Pending Appeal

1  Courtland L. Reichman (SBN: 268873)
     creichman@reichmanjorgensen.com
2  Brian C. Baran (SBN: 325939)
     bbaran@reichmanjorgensen.com
3  REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
   100 Marine Parkway, Suite 300
4  Redwood Shores, CA 94065
   Tel.: (650) 623-1401; Fax: (650) 560-3501

5
   *Attorneys for Plaintiffs Rinnai America Corp., Noritz*
6  *America Corp., National Association of Home*
   *Builders, California Manufacturers & Technology*
7  *Association, California Restaurant Association,*
   *California Hotel & Lodging Association, California*
8  *Apartment Association, and Plumbing-Heating-*
   *Cooling Contractors of California*

9
   ADDITIONAL COUNSEL ON FOLLOWING PAGE

10

11      **UNITED STATES DISTRICT COURT**
        **CENTRAL DISTRICT OF CALIFORNIA**

12

13  RINNAI AMERICA CORP., et al.

                 Plaintiffs,                    Civil Action No.
14
                 v.                             2:24-cv-10482 PA(PDx)
15
    SOUTH COAST AIR QUALITY               **DECLARATION OF WHITNEY**
16  MANAGEMENT DISTRICT,                  **SQUIRE IN SUPPORT OF**
                                          **PLAINTIFFS' MOTION FOR**
                 Defendant,               **INJUNCTION PENDING**
17                                        **APPEAL**
    And
18                                        Honorable Percy Anderson
    PEOPLE'S COLLECTIVE FOR              United States District Judge
19  ENVIRONMENTAL JUSTICE, SIERRA
    CLUB, and INDUSTRIOUS LABS,
20
                 Defendant-Intervenors.
21

22

23

24

ADDITIONAL COUNSEL

Sarah O. Jorgensen (*pro hac vice*)
  sjorgensen@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
  FELDBERG LLP
1201 West Peachtree St., Suite 2300
Atlanta, GA 30309
Tel.: (650) 623-1403; Fax: (650) 560-
  3501

Sean Kneafsey
  skneafsey@kneafseyfirm.com
THE KNEAFSEY FIRM, INC.
707 Wilshire Blvd., Suite 3700
Los Angeles, CA 90017
Tel.: (213) 892-1200; Fax: 213-892-1208

*Attorneys for Plaintiffs Rinnai America
Corp., Noritz America Corp., National
Association of Home Builders, California
Manufacturers & Technology Association,
California Restaurant Association,
California Hotel & Lodging Association,
California Apartment Association, and
Plumbing-Heating-Cooling Contractors of
California*

John J. Davis, Jr. (SBN 65594)
  jjdavis@msh.law
MCCRACKEN, STEMERMAN & HOLSBERRY
LLP
475 – 14th Street, Suite 1200
Oakland, CA 94612
Tel.: (415) 597-7200; Fax: (415) 597-
  7201

*Attorneys for Plaintiff California State
Pipe Trades Council*

Matthew P. Gelfand (SBN 297910)
  matt@caforhomes.org
CALIFORNIANS FOR HOMEOWNERSHIP,
INC.
525 S. Virgil Ave.
Los Angeles, California 90020
Tel.: (213) 739-8206; Fax: (213) 480-
7724

*Attorney for Plaintiff Californians for
Homeownership, Inc.*

Angelo I. Amador (*pro hac vice*)
  aamador@restaurant.org
RESTAURANT LAW CENTER
2055 L Street, NW, Suite 700
Washington, DC 20036
Tel.: (202) 331-5913 Fax: (202) 331-
2429

*Attorney for Plaintiff Restaurant Law
Center*

I, Whitney Squire, hereby declare as follows:

1.     I am Chief Executive Officer of the Plumbing-Heating-Cooling Contractors Association of California.  I have personal knowledge of the following facts and, if called to testify, I could and would testify competently to their truth and accuracy. I previously filed a declaration dated April 11, 2025.

2.     I submit this declaration in support of Plaintiffs' Motion for Injunction Pending Appeal.

3.     The Plumbing-Heating-Cooling Contractors Association is the nation's oldest trade association, founded in 1883 by plumbing craftsmen seeking to distinguish themselves as experts and share best practices to improve the industry and protect the health and safety of the public. The Plumbing-Heating-Cooling Contractors of California chapter was founded in 1900, and for the past 125 years has been instrumental in training the workforce, elevating the industry, and connecting plumbing-heating-cooling professionals.

4.     Plumbing-Heating-Cooling Contractors of California is a 501(c)(6) nonprofit California corporation with its headquarters in Sacramento, California.  Our motto is "Best People. Best Practices", and we represent contractors ranging from single truck owner / operators to large commercial contractors, all committed to furthering our mission statement: The Plumbing-Heating-Cooling Contractors Association is dedicated to the advancement and education of the plumbing and HVACR industry for the health, safety, and comfort of society and the protection of the environment.

1

5.      Plumbing-Heating-Cooling Contractors of California has members doing business in the jurisdiction of the South Coast Air Quality Management District, including The Family Plumber, which is submitting its separate declaration in support of Plaintiffs' Motion for Injunction Pending Appeal.  Our members are suffering or will imminently suffer harm to their revenues and business operations as a result of the District's rule imposing impending zero-$NO_x$ emission limits on natural gas boilers, water heaters, and process heaters (the "zero-$NO_x$ rule").  If the rule goes into effect on January 1, 2026, it will bar the sale or installation of any gas tankless water heaters and gas boilers or process heaters less than 400,000 Btu/hr.

6.      As our member The Family Plumber explains in its declaration, when the impending zero-$NO_x$ rule goes into effect on January 1, 2026, all new constructions will be built without the covered gas appliances, or even without any gas infrastructure at all.  If the Rule is not enjoined and residential and commercial buildings across Los Angeles and Orange County are built in this manner over the next 12 to 18 months, the resulting damage to members including The Family Plumber will be irreparable.  This is because, once built without those gas appliances or as all-electric developments, there will be no opportunities for service, repair or replacement, meaning that segment of the market will effectively be foreclosed to our members.  In the case of The Family Plumber, the exclusion of its business ultimately means it will lose roughly 60-70% of its overall business revenue, and lose the repair side of its business altogether.

7.    In addition, if the zero-$NO_x$ rule goes into effect, members such as The Family Plumber will need to take steps immediately to try to pivot to other lines of business in order to survive.  Their working capital will be depleted even further because they will be forced to spend large sums of capital on formal training for their technicians on non-gas products, which require a substantial level of training and expertise, and are more difficult and time-consuming to repair and service.  They will also have to make decisions about product and business lines that affect their suppliers, the equipment and assets they invest in, and their relationships with customers and builders.

8.    Other member companies are affected similarly, whether small family businesses or larger contractors.  Given the significant size of the District, such loss of work and revenue, business disruption, and compliance costs will be felt irreparably and tremendously, particularly for smaller companies.

I declare under penalty of perjury under the laws of the United States of America that the above facts are true and correct.

Executed on August 27th, 2025, in Sacramento, California.

3

1

Whitney Squire

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

# <u>Exhibit F</u>

D.Ct.Dkt.85-7–

Declaration of Lynn Mohrfeld ISO
Plaintiffs' Motion for Injunction
Pending Appeal

1   Courtland L. Reichman (SBN: 268873)
      creichman@reichmanjorgensen.com
2   Brian C. Baran (SBN: 325939)
      bbaran@reichmanjorgensen.com
3   REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
    100 Marine Parkway, Suite 300
4   Redwood Shores, CA 94065
    Tel.: (650) 623-1401; Fax: (650) 560-3501

5
    *Attorneys for Plaintiffs Rinnai America Corp., Noritz
6   America Corp., National Association of Home
    Builders, California Manufacturers & Technology
7   Association, California Restaurant Association,
    California Hotel & Lodging Association, California
8   Apartment Association, and Plumbing-Heating-
    Cooling Contractors of California*

9   ADDITIONAL COUNSEL ON FOLLOWING PAGE

10
                **UNITED STATES DISTRICT COURT**
11              **CENTRAL DISTRICT OF CALIFORNIA**

12
    RINNAI AMERICA CORP., et al.
13
            Plaintiffs,                          Civil Action No.
14
            v.                                   2:24-cv-10482 PA(PDx)
15  SOUTH COAST AIR QUALITY
    MANAGEMENT DISTRICT,                         **DECLARATION OF LYNN**
16                                               **MOHRFELD IN SUPPORT OF**
            Defendant,                           **PLAINTIFFS' MOTION FOR**
17                                               **INJUNCTION PENDING**
    And                                          **APPEAL**
18
    PEOPLE'S COLLECTIVE FOR
19  ENVIRONMENTAL JUSTICE, SIERRA
    CLUB, and INDUSTRIOUS LABS,
20
            Defendant-Intervenors.

21

22

23

24

ADDITIONAL COUNSEL

Sarah O. Jorgensen (*pro hac vice*)
  sjorgensen@reichmanjorgensen.com
REICHMAN JORGENSEN LEHMAN &
  FELDBERG LLP
1201 West Peachtree St., Suite 2300
Atlanta, GA 30309
Tel.: (650) 623-1403; Fax: (650) 560-
  3501

Sean Kneafsey
  skneafsey@kneafseyfirm.com
THE KNEAFSEY FIRM, INC.
707 Wilshire Blvd., Suite 3700
Los Angeles, CA 90017
Tel.: (213) 892-1200; Fax: 213-892-1208

*Attorneys for Plaintiffs Rinnai America
Corp., Noritz America Corp., National
Association of Home Builders, California
Manufacturers & Technology Association,
California Restaurant Association,
California Hotel & Lodging Association,
California Apartment Association, and
Plumbing-Heating-Cooling Contractors of
California*

John J. Davis, Jr. (SBN 65594)
  jjdavis@msh.law
MCCRACKEN, STEMERMAN & HOLSBERRY
LLP
475 – 14th Street, Suite 1200
Oakland, CA 94612
Tel.: (415) 597-7200; Fax: (415) 597-
7201

*Attorneys for Plaintiff California State
Pipe Trades Council*

Matthew P. Gelfand (SBN 297910)
  matt@caforhomes.org
CALIFORNIANS FOR HOMEOWNERSHIP,
INC.
525 S. Virgil Ave.
Los Angeles, California 90020
Tel.: (213) 739-8206; Fax: (213) 480-
7724

*Attorney for Plaintiff Californians for
Homeownership, Inc.*

Angelo I. Amador (*pro hac vice*)
  aamador@restaurant.org
RESTAURANT LAW CENTER
2055 L Street, NW, Suite 700
Washington, DC 20036
Tel.: (202) 331-5913 Fax: (202) 331-
2429

*Attorney for Plaintiff Restaurant Law
Center*

I, Lynn Mohrfeld, hereby declare as follows:

1.    I am President and Chief Executive Officer at the California Hotel & Lodging Association. I have personal knowledge of the following facts and, if called to testify, I could and would testify competently to their truth and accuracy. I previously filed a declaration dated April 10, 2025 in this case.

2.    The California Hotel & Lodging Association is a § 501(c)(6) nonprofit California corporation with its headquarters in Sacramento, California. We are the largest state lodging industry association in the country, representing more than 3,000 hotel owners and operators who directly and indirectly facilitate more than $150.4 billion in travel-related spending across the state annually. California's hospitality industry is a diverse cross-section of the state and includes independent owner-operators, family businesspeople, first- and second-generation immigrant entrepreneurs, large-scale operators, and many more. We regularly represent our members' interests in governmental advocacy as well as legal affairs, and provide our membership with educational and operational resources relevant to all aspects of California's hotel and lodging industry.

3.    We have members that do business in the jurisdiction of the South Coast Air Quality Management District and are suffering or will imminently suffer harm to their revenues and business operations as a result of the District's rule imposing impending zero-$NO_x$ emission limits on natural gas boilers, water heaters, and process heaters (the "zero-$NO_x$ rule"). If the Rule goes into effect on January 1, 2026, it will bar the sale or installation of any gas tankless water heaters and gas boilers or process heaters less than 400,000 Btu/hr. Our members use these types of appliances in their buildings, and the ban on buying or installing these appliances will harm our members,

1  who rely on gas as an affordable, reliable energy source for their buildings and

2  operations.

3        4.    A recent hotel development survey by the Atlas Hospitality Group shows

4  that in 2025, there are 41 hotels under construction in the counties of Los Angeles (20),

5  Orange (1), Riverside (9), and San Bernandino (11). And there are 431 hotels in

6  planning in the counties of Los Angeles (195), Orange (67), Riverside (124), and San

7  Bernandino (45). Many of these planned and under-construction hotels are subject to

8  the jurisdiction of the District and will still be under construction, just starting

9  construction, or applying for building permits in 2026.

10        5.    When the impending zero-$NO_x$ rule goes into effect on January 1, 2026,

11  owners and developers who have hotels in the planning and permitting stages, just

12  beginning construction, or mid-construction—including members of CHLA—will not

13  be able to buy or install gas tankless water heaters or large tank water heaters, gas

14  boilers and process heaters less than 400,000 Btu/hr. For hotels and lodging already

15  under construction, this could pose a huge dilemma; they could be forced to change

16  plans midstream, and there may already be infrastructure in place that can no longer be

17  used. And for hotels and lodging in the permitting process or just beginning

18  construction, they may be forced to go all electric due to the ban or at the least to have

19  some gas appliances changed to electric. CHLA has a member that is planning to build

20  5 hotels in the counties covered by the SCAQMD's Rule with anticipated completion

21  of construction in mid-2027 (3 hotels) and mid-2028 (2 hotels). Those hotels are

22  currently in the planning and permitting process and will be impacted by the Rule in

23  deciding what infrastructure and appliances can be included.

24        6.    Having to use electric heat pumps and appliances for hotels and lodging

is challenging. Heat pumps require much more space, for starters. They are more expensive to buy and install. And because electricity is roughly four times more expensive than gas, it is likely to raise operating costs for hotels, which often operate on thin margins and in challenging economic conditions. It will also affect the hotel's ability to offer amenities, because without gas piping, it becomes difficult to operate heated pools and spas and to have fireplaces or firepits. Being forced to build new hotels without gas tankless water heaters and gas boilers and process heaters will cause cost pressures and revenue impacts, impose operating and compliance burdens, and create difficult financial tradeoffs that may make all electric hotels less valued than multi-fuel hotels.

7.      These harms are not easy to quantify in monetary terms, nor will they be easy to reverse—once designed permitted, or built without the covered gas appliances or without gas infrastructure, a hotel is highly unlikely to spend the money, time, and disruption to revert to gas. Thus, if the Rule is subsequently found to be preempted, it will not be easy to pivot back to gas appliances or infrastructure or to a multi-fuel building. That could require amending permits, changing design and specifications, relocating infrastructure or appliances, modifying venting or piping, and engaging new subcontractors. This will require additional expense, administrative burden, and potential construction delays.

8.      Absent an injunction during the pendency of the appeal, CHLA and its members will be seriously and irreversibly harmed by the District's Rule.

1      I declare under penalty of perjury under the laws of the United States of America

2 that the above facts are true and correct.

3      Executed on August 25, 2025, in San Diego, CA.

Lynn Mohrfeld

# Exhibit G

D.Ct.Dkt.85-8–

Declaration of Thomas J. Ward ISO
Plaintiffs' Motion for Injunction
Pending Appeal

1  Courtland L. Reichman (SBN: 268873)
       creichman@reichmanjorgensen.com
2  Brian C. Baran (SBN: 325939)
       bbaran@reichmanjorgensen.com
3  REICHMAN JORGENSEN LEHMAN & FELDBERG LLP
   100 Marine Parkway, Suite 300
4  Redwood Shores, CA 94065
   Tel.: (650) 623-1401; Fax: (650) 560-3501
5
   *Attorneys for Plaintiffs Rinnai America Corp., Noritz*
6  *America Corp., National Association of Home*
   *Builders, California Manufacturers & Technology*
7  *Association, California Restaurant Association,*
   *California Hotel & Lodging Association, California*
8  *Apartment Association, and Plumbing-Heating-*
   *Cooling Contractors of California*
9
   ADDITIONAL COUNSEL ON FOLLOWING PAGE
10
11           **UNITED STATES DISTRICT COURT**
              **CENTRAL DISTRICT OF CALIFORNIA**
12
13 RINNAI AMERICA CORP., et al.

14           Plaintiffs,                    Civil Action No.

                v.                          2:24-cv-10482 PA(PDx)
15
   SOUTH COAST AIR QUALITY                  **DECLARATION OF THOMAS**
16 MANAGEMENT DISTRICT,                     **J. WARD IN SUPPORT OF**
                                            **PLAINTIFFS' MOTION FOR**
              Defendant,                    **INJUNCTION PENDING**
17                                          **APPEAL**
   And
18
   PEOPLE'S COLLECTIVE FOR
19 ENVIRONMENTAL JUSTICE, SIERRA
   CLUB, and INDUSTRIOUS LABS,
20
              Defendant-Intervenors.
21

22

23

24

1  ADDITIONAL COUNSEL

2  Sarah O. Jorgensen (*pro hac vice*)
   sjorgensen@reichmanjorgensen.com
3  REICHMAN JORGENSEN LEHMAN &
   FELDBERG LLP
4  1201 West Peachtree St., Suite 2300
   Atlanta, GA 30309
5  Tel.: (650) 623-1403; Fax: (650) 560-
   3501
6

7  Sean Kneafsey
   skneafsey@kneafseyfirm.com
8  THE KNEAFSEY FIRM, INC.
   707 Wilshire Blvd., Suite 3700
9  Los Angeles, CA 90017
   Tel.: (213) 892-1200; Fax: 213-892-1208
10

11 *Attorneys for Plaintiffs Rinnai America
   Corp., Noritz America Corp., National
12 Association of Home Builders, California
   Manufacturers & Technology Association,
13 California Restaurant Association,
   California Hotel & Lodging Association,
14 California Apartment Association, and
   Plumbing-Heating-Cooling Contractors of
15 California*
16

17 John J. Davis, Jr. (SBN 65594)
   jjdavis@msh.law
18 MCCRACKEN, STEMERMAN & HOLSBERRY
   LLP
19 475 – 14th Street, Suite 1200
   Oakland, CA 94612
20 Tel.: (415) 597-7200; Fax: (415) 597-
   7201
21

22 *Attorneys for Plaintiff California State
   Pipe Trades Council*
23

24

Matthew P. Gelfand (SBN 297910)
   matt@caforhomes.org
CALIFORNIANS FOR HOMEOWNERSHIP,
INC.
525 S. Virgil Ave.
Los Angeles, California 90020
Tel.: (213) 739-8206; Fax: (213) 480-
7724

*Attorney for Plaintiff Californians for
Homeownership, Inc.*

Angelo I. Amador (*pro hac vice*)
   aamador@restaurant.org
RESTAURANT LAW CENTER
2055 L Street, NW, Suite 700
Washington, DC 20036
Tel.: (202) 331-5913 Fax: (202) 331-
2429

*Attorney for Plaintiff Restaurant Law
Center*

I, Thomas J. Ward, hereby declare as follows:

1.  I am the Vice President of Legal Advocacy at the National Association of Home Builders of the United States (hereinafter, the National Association of Home Builders or NAHB).  I have personal knowledge of the following facts and, if called to testify, I could and would testify competently to their truth and accuracy.

2.  The National Association of Home Builders is a nonprofit corporation organized under the laws of Nevada with its principal office in Washington, D.C.  It represents the U.S. residential building construction industry and has approximately 140,000 members across all fifty states.  About one-third of our members are home builders and remodelers, both single family and multifamily.  The rest work in closely related specialties such as sales and marketing, housing finance, manufacturing, and building materials supply.

3.  The National Association of Home Builders is affiliated with eleven local organizations in California, including the California Building Industry Association.  Both the National Association of Home Builders and its local organizations have members, including Plaintiff Rinnai America Corporation, that are located in or conduct business and operations in the jurisdiction of the South Coast Air Quality Management District.

4.  Our mission is to protect and provide housing opportunities for the American public while promoting the business interests of its members.

5.  Starting on January 1, 2026, the South Coast Air Quality Management District's rule imposing zero-$NO_x$ emission limits on natural gas boilers, water heaters, and process heaters (the "zero-NOx rule") will prohibit the use of gas tankless water heaters that use less than 200,000 Btu/hr and any Boiler, Water Heater, or Process

1

Heater that uses less than 400,000 Btu per hour in new buildings.

6. The National Association of Home Builders has one or more members that do business in the District and are suffering harm now and will suffer further harm to their revenues, business operations, and compliance burdens once the South Coast Air Quality Management District's zero-NOx rule goes into effect.

7. NAHB estimates that it takes between 7 and 13 months to build a single-family home. In the Pacific Region, the average time to complete a new single-family home is approximately 11.9 months after authorization. Multifamily projects take longer to build. NAHB estimates that a 20-unit project takes 19.9 months to build after obtaining authorization.

8. Due to lead times and because certain aspects of the zero NOx rule take effect in January 2026, builders must already comply with the rule's requirements. This compels builders to now make irrevocable decisions on which appliances and HVAC equipment to install.

9. NAHB also has members that manufacture and sell the equipment that the zero NOx rule prohibits the use of beginning in January 2026.

10. Those members operating in the District report lost sales in 2025 and expect further losses in 2026 due to the zero NOx rule. Moreover, once new homes are constructed without the appliances prohibited by the zero NOx rule, manufacturers generally lose the opportunity to supply those homes with their appliances in the future. Gas fired appliances have specific venting and condensation requirements that are difficult to install if a new home is designed and constructed for electric appliances.

11. The zero NOx rule also impacts NAHB's members clients who wish to, but cannot, use gas-fired tankless water heaters. Those clients are forced to install

2

electric tankless water heaters.  According to U.S. Energy Information Administration the average California residential electricity rate is 35.03 ¢/kWh which is 100% more than the national average.  The U.S. Energy Information Administration reports that average cost of natural gas in California is only 9.5% above the national average.

I declare under penalty of perjury under the laws of the United States of America that the above facts are true and correct.

Executed on August 27th, 2025, in Sterling, VA.


_____

Thomas J. Ward