**No. 25-5129**

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

RINNAI AMERICA CORPORATION et al.,

*Plaintiff-Appellants,*

v.

SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT,

*Defendant-Appellee,*

and

PEOPLE'S COLLECTIVE FOR ENVIRONMENTAL JUSTICE et al.,

*Intervenor-Defendant-Appellees.*

On Appeal from the United States District Court for the Central District of
California, Hon. Percy Anderson, No. 2:24-cv-10482-PA-PD

**BRIEF OF NAVIEN, INC. AS *AMICUS CURIAE* IN SUPPORT OF
PLAINTIFF-APPELLANTS AND REVERSAL**

Edward P. Sangster
Ankur K. Tohan
David Wang
K&L GATES LLP
4 Embarcadero Center, Suite 1200
San Francisco, California 94111
Telephone: +1 415 249 1028
Edward.Sangster@klgates.com

*Counsel for Amicus Curiae
Navien, Inc.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ..................................................................... iii

STATEMENT OF INTEREST ................................................................. 1

INTRODUCTION AND SUMMARY OF ARGUMENT ....................... 2

ARGUMENT ............................................................................................ 7

    A.    Residential Gas-Fired Tankless Water Heaters Are Undisputedly More Energy Efficient Than Residential Gas-Fired Storage Water Heaters. ................. 7

    B.    SCAQMD Regulates Residential Gas-Fired Tankless Water Heaters Separately From Residential Gas-Fired Storage Water Heaters. ....................... 10

        1.    SCAQMD's Two-Track Regulation of Gas-Fired Residential Water Heaters. ............................................................... 10

        2.    History of SCAQMD's Separate NOx Emission Limits Under Rule 1121 for Residential Gas-Fired Storage Water Heaters and Rule 1146.2 for Residential Gas-Fired Tankless Water Heaters ............................................... 11

        3.    SCAQMD's Recent Rulemaking........................................................ 12

    C.    By Regulating Tankless Water Heaters Differently from Storage Water Heaters, SCAQMD is Regulating "Energy Efficiency," Which Is Expressly Preempted by EPCA. ................................................................... 14

    D.    Even If Rule 1146.2 Is Not Expressly Preempted by EPCA's Preemption Clause, It Is Nonetheless Preempted Under Field Preemption Principles........... 20

        1.    Because Congress authorized federal authorities to establish energy efficiency standards under EPCA, SCAQMD cannot promulgate rules that concern energy efficiency standards............................................................. 20

        2.    The Court should consider whether Rule 1146.2 is preempted by EPCA under the doctrine of field preemption. ....................................................... 22

CONCLUSION ....................................................................................... 24

# TABLE OF AUTHORITIES

**Cases**

*Air Conditioning & Refrigeration Inst. v. Energy Res. Conserv. & Development Comm'n*, 410 F.3d 492 (9th Cir. 2005)................................................................23

*Air Conditioning, Heating & Refrigeration Inst. v. City of Albuquerque*, 835 F. Supp. 2d 1133 (D.N.M. 2010) ...............................................................18

*Arizona v. United States*, 567 U.S. 387 (2012)................................................. 20, 21

*Barrientos v. 1801-1825 Morton LLC*, 583 F.3d 1197 (9th Cir. 2009)...................24

*Cal. Rest. Ass'n v. City of Berkeley*, 89 F.4th 1094 (9th Cir. 2024)............... passim

*English v. Gen. Elec. Co.*, 497 U.S. 72 (1990) ........................................................20

*Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90 (1991) .........................................23

*Lezama-Garcia v. Holder*, 666 F.3d 518 (9th Cir. 2011) ........................................23

*Rice v. Santa Fe. Elevator Corp.*, 331 U.S. 218 (1947) .........................................21

*Rinnai Am. Corp. v. S. Coast Air Quality Mgmt. Dist.*, Dkt. No. 81 (C.D. Cal. July 22, 2025) ............................................................................................5, 6

*Swan v. Peterson*, 6 F.3d 1373 (9th Cir. 1993)................................................ 22, 23

*United States v. Gementera*, 379 F.3d 596 (9th Cir. 2004) ....................................22

*Valle del Sol Inc. v. Whiting*, 732 F.3d 1006 (9th Cir. 2013) .......................... 20, 21

**Statutes & Legislative Journals**

42 U.S.C. § 6291 ......................................................................................... 7, 15, 16

42 U.S.C. § 6292........................................................................................................16

42 U.S.C. § 6295 ................................................................................... 2, 5, 20

42 U.S.C. § 6297........................................................................................... 2, 14, 15

**Rules**

10 C.F.R. § 430.32(d) ...................................................................................... 20, 21

Rule 1121 ..................................................................................9, 21

Rule 1146.2 .................................................................. 9, 10, 12, 13

**Other Authorities**

Ben Schoenbauer et al., "Tankless Water Heaters: Do They Really Save Energy?,"
    ACEEE Summer Study on Energy Efficiency in Buildings (2012),
    https://www.aceee.org/files/proceedings/2012/data/papers/0193-000010.pdf .....8

Draft Staff Report for: Proposed Amended Rule 1111 – Reduction of NOx
    Emissions From Natural Gas-Fired Furnaces; Proposed Amended Rule 1121 –
    Reduction of NOx Emissions From Residential Type, Natural Gas-Fired Water
    Heaters, S. COAST AIR QUALITY MGMT. DIST. (2025),
    https://www.aqmd.gov/docs/default-source/rule-book/proposed-rules/1111-and-
    1121/par-1111-par-1121-draft-staff-report.pdf ................................ 11, 12, 13, 14

Draft Staff Report: Proposed Amended Rule 1146.2 – Emissions of Oxides of
    Nitrogen from Large Water Heaters, Small Boilers and Process Heaters, S.
    COAST AIR QUALITY MGMT. DIST. (2024), https://www.aqmd.gov/docs/default-
    source/rule-book/Proposed-Rules/rule-1146-1146.1-and-1146.2/par-1146-2-
    draft-staff-report.pdf ...................................................................... passim

energy efficiency ratio, MERRIAM-WEBSTER, https://www.merriam-
    webster.com/dictionary/energy%20efficiency%20ratio......................................16

How It Works – Whole-Home Gas Tankless Water Heaters, ENERGY STAR,
    https://www.energystar.gov/products/whole_home_tankless_gas_water_heaters/
    how-it-works ...........................................................................................8

Robert Ries et al., Assessing the Energy Savings of Tankless Water Heater
    Retrofits in Public Housing, NAT'L RENEWABLE ENERGY LAB'Y, U.S. DEP'T OF
    ENERGY (2013), https://docs.nrel.gov/docs/fy13osti/55623.pdf............................8

Sizing a New Water Heater, U.S. Dep't of Energy,
    https://www.energy.gov/energysaver/sizing-new-water-heater ...........................9

South Coast AQMD Governing Board Meeting – June 6, 2025, YouTube.com
    (June 6, 2025), https://www.youtube.com/watch?v=wdjKy3Jdqm8 .................14

Steve Sorrell, "Reducing energy demand: A review of issues, challenges and
    approaches," 47 Renewable & Sustainable Energy Revs. 74, 77 (2015)............16

Tankless Gas Water Heater Performance, DOE BUILDING TECHS. PROGRAM, U.S.
   DEP'T OF ENERGY (2013),
   https://www.energy.gov/eere/buildings/articles/tankless-gas-water-heater-
   performance-building-america-top-innovation .......................................................8

Tankless or Demand-Type Water Heaters, U.S. DEP'T OF ENERGY,
   https://www.energy.gov/energysaver/tankless-or-demand-type-water-heaters 8, 9

US Heating and Cooling 2025, BRG Building Solutions (May 31, 2025),
   https://www.brgbuildingsolutions.com/Reports-Details?ProductID=e5da6dad-
   06ea-406e-aa46-22f474f13cc6 ......................................................................1, 2

## STATEMENT OF INTEREST[1]

Navien, Inc. is a U.S. company whose core business involves the manufacture and sale of residential gas-fired tankless water heaters. Navien occupies about one-third of the residential gas-fired tankless water heater market in the United States.[2] Roughly 10 percent of all water heaters in the United States are gas-fired tankless water heaters.[3] Defendant-Appellee South Coast Air Quality Management District ("SCAQMD")[4] estimated that, as of May 2024, there were more than 300,000 gas-fired tankless water heaters in its jurisdiction.[5]

If implemented, SCAQMD's recent amendments to Rule 1146.2 would result

---

[1] Navien states that no counsel for a party authored this brief in whole or in part and no person other than Navien or its counsel made a monetary contribution to the brief's preparation or submission. Pursuant to Federal Rule of Appellate Procedure 29(a)(2), Navien certifies that all parties have consented to Navien's filing of this amicus brief.

[2] *See* US Heating and Cooling 2025 at 3.5.6., 3.5.7, BRG Building Solutions (May 31, 2025), https://www.brgbuildingsolutions.com/Reports-Details?ProductID=e5da6dad-06ea-406e-aa46-22f474f13cc6. Navien acknowledges that this source may not be easily accessible, and can provide to the Court copies of the relevant sections of this source at the Court's request.

[3] *See id.* at 3.2.

[4] References to SCAQMD in this brief include SCAQMD, its Governing Board, and its Staff.

[5] *See* Draft Staff Report: Proposed Amended Rule 1146.2 – Emissions of Oxides of Nitrogen from Large Water Heaters, Small Boilers and Process Heaters at B-24, S. COAST AIR QUALITY MGMT. DIST. (2024), https://www.aqmd.gov/docs/default-source/rule-book/Proposed-Rules/rule-1146-1146.1-and-1146.2/par-1146-2-draft-staff-report.pdf. Navien estimates that the actual number is likely two to three times greater than SCAQMD's 300,000-unit estimate, as Navien sold more than 200,000 tankless units in SCAQMD's jurisdiction through February 2024.

- 1 -

in the loss of approximately 30,000 annual sales in SCAQMD's jurisdiction, which represents about 7.4 percent of Navien's total U.S. sales.[6] Rule 1146.2 in its current form would therefore have significant adverse effects on Navien, which employs 236 individuals nationwide (with 139 in California as of August 2025) and which has contributed to regional economic growth and job creation over the past 20 years.

## INTRODUCTION AND SUMMARY OF ARGUMENT

The Energy Policy and Conservation Act ("EPCA"), 42 U.S.C. § 6291 *et al.*, regulates the energy efficiency of certain consumer appliance products, such as boilers, furnaces, and water heaters. EPCA authorizes the U.S. Department of Energy to promulgate energy conservation standards for certain appliances or "covered products." 42 U.S.C. § 6295(a). EPCA also includes a preemption clause which establishes that, with limited exceptions, once a federal energy conservation standard becomes effective for a covered product, "no State regulation concerning the energy efficiency, energy use, or water use of such covered product shall be effective with respect to such product[.]" 42 U.S.C. § 6297(c).

EPCA preempts regulations that affect "the quantity of energy directly consumed by" certain consumer appliances at the place where those products are used, as well as "the ratio of the useful output of services of such appliances relative to the quantity of energy consumed by such appliances. 42 U.S.C. §§ 6297(4)–(5);

---

[6] *See supra* note 2 at 3.5.6, 3.5.7.

- 2 -

*Cal. Rest. Ass'n v. City of Berkeley*, 89 F.4th 1094, 1101–1102 (9th Cir. 2024). In other words, EPCA not only preempts any regulation that concerns an end-user's ability to use certain installed appliances at their intended final destinations, *Cal. Rest. Ass'n*, 89 F.4th at 1102, but also preempts any regulation that concerns the energy efficiency of such appliances.

At issue in these proceedings is whether SCAQMD's Rule 1146.2, as amended in 2024, is preempted by EPCA. Rule 1146.2 imposes nitrous oxide ("NOx") and carbon monoxide ("CO") limits on appliances, but it only applies to certain covered appliances, including residential gas-fired water heaters with a heat input rated at 75,000 British thermal units per hour ("Btu/hr") or greater. This includes most residential gas-fired tankless water heaters, which are substantially more energy efficient than storage water heaters due to their higher heat input, but does not include residential gas-fired storage water heaters. A separate rule—Rule 1121—applies to residential gas-fired water heaters with a rated heat input below 75,000 Btu/hr.[7] Residential gas-fired storage water heaters are covered by Rule 1121. In short, SCAQMD regulates residential gas-fired *tankless* water heaters differently from residential gas-fired *storage* water heaters—and distinguishes between the two types of water heaters based on their respective energy efficiency.

---

[7] Rule 1121 is available at: https://www.aqmd.gov/docs/default-source/rule-book/reg-xi/rule-1121.pdf.

- 3 -

In 2024, SCAQMD amended Rule 1146.2 to prohibit the manufacture, sale, supply, offer for sale, or installation for use in SCAQMD's jurisdiction of residential gas-fired tankless water heaters that emit any (i.e., more than zero) NOx emissions based on a schedule of staggered compliance dates. As Plaintiff-Appellants point out, *see* Dkt. No. 14.1 at 24, this amounts to an effective and absolute ban on the manufacture, sale, supply, offer for sale, or installation of any residential gas-fired tankless water heaters in SCAQMD's jurisdiction. But despite adopting amendments to Rule 1146.2 that effectively ban residential gas-fired tankless water heaters, SCAQMD voted *against* amendments to Rule 1121 that would impose a similar ban on residential gas-fired storage water heaters. And despite recognizing that tankless water heaters are more energy efficient than storage water heaters due to their higher heat input, SCAQMD has provided no reason for this difference in regulatory treatment of residential gas-fired water heaters beyond the nominal difference in rated heat inputs (i.e., Btu/hr).

Plaintiff-Appellants claimed in the District Court proceedings that EPCA preempts Rule 1146.2 because that rule authorizes SCAQMD to indirectly regulate the energy use of certain covered appliances by banning their use through emissions limits. *See Rinnai Am. Corp. v. S. Coast Air Quality Mgmt. Dist.*, No. 2:24-cv-10482-PA-PD, Dkt. No. 12 (C.D. Cal. Dec. 17, 2024); *id.*, Dkt. No. 50-1 (C.D. Cal. Apr. 14, 2025). The District Court disagreed, concluding that Rule 1146.2 is not

preempted by EPCA because Rule 1146.2 does not "depend on an appliance's efficiency or energy use" and merely "addresses the pollution appliances emit and not their energy use." *Id.*, Dkt. No. 81 at 8–9 (C.D. Cal. July 22, 2025). The District Court went on to state that Rule 1146.2 "does not implicate any of the issues the EPCA was intended to address"; namely, "it does not create inconsistent state efficiency standards" or "require that consumers use appliances with higher efficiency standards." *Id.* at 9. Plaintiff-Appellants have appealed the District Court's order, asking this Court to find that EPCA preempts Rule 1146.2 on "energy use" grounds and to reverse the District Court's decision. *See generally* Dkt. No. 14.1.

Navien supports Plaintiff-Appellants' efforts to reverse the District Court's decision. Navien files this amicus brief, however, to point out to the Court that it can also reverse on narrower grounds than those advocated by Plaintiff-Appellants. These grounds are based not on "energy use" but on "energy efficiency"— specifically, SCAQMD's unexplained and arbitrary distinction between residential gas-fired water heaters rated below 75,000 Btu/hr (i.e., less energy efficient storage water heaters) and those that are rated above that threshold (i.e., energy efficient tankless water heaters). As this Court has noted, EPCA directly regulates the energy efficiency of residential gas-fired water heaters. *See* 42 U.S.C. § 6295(e)(1)(A); *accord Cal. Rest. Ass'n*, 89 F.4th at 1126 (dissenting opinion recognizing that EPCA

- 5 -

has set a single standard for gas water heaters). And SCAQMD has not disputed—nor can it dispute—that tankless water heaters are more energy efficient than storage water heaters based on their higher heat input.[8] Yet SCAQMD has nonetheless elected to impose a zero-NOx emissions limit only on tankless residential gas-fired water heaters via Rule 1146.2 while declining to impose equivalent limits on residential gas-fired storage water heaters under Rule 1121 or any other rule.

By effectively banning the purchase, installation, and use of energy efficient residential gas-fired tankless water heaters while permitting the purchase, installation, and use of less energy efficient residential gas-fired storage water heaters, SCAQMD has created "inconsistent state efficiency standards" for residential gas-fired water heaters that are impermissible under EPCA's preemption clause. *Rinnai Am. Corp. v. S. Coast Air Quality Mgmt. Dist.*, No. 2:24-cv-10482-PA-PD, Dkt. No. 81 at 9 (C.D. Cal. Dec. 17, 2024). In other words, EPCA preempts Rule 1146.2 because Rule 1146.2, as amended, effectively bans residential gas-fired water heaters based on their energy efficiency.

For these reasons, Navien respectfully requests that the Court reverse the

---

[8] SCAQMD is aware that tankless gas-fired water heaters are more energy efficient than conventional storage gas-fired water heaters. *See* Draft Staff Report: Proposed Amended Rule 1146.2 – Emissions of Oxides of Nitrogen from Large Water Heaters, Small Boilers and Process Heaters at B-22–B-24, S. COAST AIR QUALITY MGMT. DIST. (2024), https://www.aqmd.gov/docs/default-source/rule-book/Proposed-Rules/rule-1146-1146.1-and-1146.2/par-1146-2-draft-staff-report.pdf ("Rule 1146.2 Draft Staff Report").

District Court's decision and find that Rule 1146.2 is preempted by EPCA and therefore unenforceable by SCAQMD.

## ARGUMENT

### A. Residential Gas-Fired Tankless Water Heaters Are Undisputedly More Energy Efficient Than Residential Gas-Fired Storage Water Heaters.

Navien manufactures and sells gas-fired tankless[9] water heaters that are used in residential households across the United States. Tankless water heaters heat water instantaneously without the use of a storage tank. When a residential consumer turns on a hot water tap, the tankless water heater draws the cold water in, which activates a gas burner and warms the heat exchanger. Incoming cold water encircles the heat exchanger and leaves the tankless water heater at its set-point temperature. Tankless water heaters consequently deliver a constant supply of hot water to consumers.

By contrast, storage tank water heaters must constantly maintain heated water in the tank, thereby expending energy even when they are not being actively used.

---

[9] Tankless water heaters are referred to by various names, including "instantaneous" water heaters or "demand-type" water heaters. Both EPCA and SCAQMD's Rule 1146.2 refer to them as instantaneous water heaters. *See* 42 U.S.C. § 6291(27) (noting that "water heater" includes "instantaneous type units which heat water but contain no more than one gallon of water per 4,000 Btu per hour of input, including gas instantaneous water heaters with an input of 200,000 Btu per hour or less"); Rule 1146.2(c)(12) ("INSTANTANEOUS WATER HEATER means a tankless Water Heater with a Rated Heat Input Capacity less than or equal to 2,000,000 Btu per hour that heats only on-demand when it flows through a heat exchanger, which is a device used to transfer heat between two or more mediums of different temperatures.").

Therefore, by heating water only when needed and not always maintaining a tank full of hot water, tankless water heaters eliminate lost energy during standby operation—and therefore achieve greater energy efficiency.[10]

Federal agencies—as well as energy efficiency experts—recognize that tankless water heaters are substantially more energy efficient than storage water heaters. According to the Department of Energy, gas-fired tankless water heaters can be up to 34 percent more energy efficient than gas-fired storage water heaters for most homes (and up to 14 percent more energy efficient for heavier residential hot water users).[11] Academic studies have confirmed these conclusions.[12]

---

[10] *See* How It Works – Whole-Home Gas Tankless Water Heaters, ENERGY STAR, https://www.energystar.gov/products/whole_home_tankless_gas_water_heaters/how-it-works.

[11] *See* Tankless or Demand-Type Water Heaters, U.S. DEP'T OF ENERGY, https://www.energy.gov/energysaver/tankless-or-demand-type-water-heaters; *see also* Robert Ries et al., Assessing the Energy Savings of Tankless Water Heater Retrofits in Public Housing at 27–29, NAT'L RENEWABLE ENERGY LAB'Y, U.S. DEP'T OF ENERGY (2013), https://docs.nrel.gov/docs/fy13osti/55623.pdf (finding "a statistically significant reduction in energy use" after the residential units were retrofitted with tankless water heaters); Tankless Gas Water Heater Performance, DOE BUILDING TECHS. PROGRAM, U.S. DEP'T OF ENERGY (2013), https://www.energy.gov/eere/buildings/articles/tankless-gas-water-heater-performance-building-america-top-innovation (finding that "[t]he energy factor for a typical tankless water heater of 0.8 suggests a 33% reduction in gas use relative to a typical 0.6 energy factor (EF) storage water heater").

[12] *See, e.g.*, Ben Schoenbauer et al., "Tankless Water Heaters: Do They Really Save Energy?," ACEEE Summer Study on Energy Efficiency in Buildings at 1-253 (2012), https://www.aceee.org/files/proceedings/2012/data/papers/0193-000010.pdf (concluding that "[t]ankless water heaters provided measured savings of 50 to 85 therms per year, a significant amount of energy").

Gas-fired tankless water heaters generally operate at a higher temperature in order to heat the water quickly, resulting in greater energy efficiency.[13] Storage water heaters operate at a lower temperature, but must do so for a longer time, resulting in substantially lower energy efficiency relative to tankless water heaters.[14]

A water heater's maximum temperature rise possible at a given flow rate is generally reflected in what is known as the rated heat input.[15] The higher a water heater's rated heat input, the higher the temperature at which it operates, which in turn informs its energy efficiency. Rated heat inputs are generally expressed in British Thermal Units per hour ("Btu/hr").

Water heaters then release the heat, which includes emissions, and those emissions are considered as part of a water heater's heat output. These emissions are commonly measured in nanograms per Joule ("ng/J") and include emissions such as nitrous oxide ("NOx") and carbon monoxide ("CO").

---

[13] *See* Tankless or Demand-Type Water Heaters, U.S. DEP'T OF ENERGY, https://www.energy.gov/energysaver/tankless-or-demand-type-water-heaters.
[14] See id.
[15] *See* Sizing a New Water Heater, U.S. DEP'T OF ENERGY, https://www.energy.gov/energysaver/sizing-new-water-heater. "Heat input" is defined by Rule 1146.2 as "the chemical heat released due to assumed complete combustion of fuel to a Unit, using the higher heating value of the fuel." Rule 1146.2(c)(6). Rule 1121 similarly defines "heat input" as "the heat of combustion released by fuels burned in a unit based on the higher heating value of fuel." Rule 1121(b)(3). Both Rules refer to a covered unit's Rated Heat Input Capacity as the unit's maximum heat input. Rule 1146.2(c)(21); Rule 1121(b)(12).

**B.      SCAQMD Regulates Residential Gas-Fired Tankless Water Heaters Separately From Residential Gas-Fired Storage Water Heaters.**

*1.      SCAQMD's Two-Track Regulation of Gas-Fired Residential Water Heaters*

SCAQMD regulates NOx and CO emissions from natural gas-fired residential water heaters in a two-track manner based on the type of water heaters at issue. SCAQMD regulates gas-fired storage residential water heaters with a heat input rating of less than 75,000 Btu/hr pursuant to Rule 1121. *See* Rule 1121(a) ("This rule applies to manufacturers, distributors, retailers, and installers of natural gas-fired water heaters, with heat input rates less than 75,000 Btu per hour."). SCAQMD separately regulates gas-fired tankless water heaters with a heat input rating of 200,000 Btu/hr or lower pursuant to Rule 1146.2. *See* Rule 1146.2(b) ("The provisions of this rule are applicable to manufacturers, distributors, retailers, Resellers, Installers, owners, and operators of Units fired with, or designed to be fired with, natural gas that have a Rated Heat Input Capacity less than or equal to 2,000,000 British Thermal Units (Btu) per hour."), (c)(28) (defining "Type 1 Unit" as "any Unit with a Rated Heat Input Capacity less than or equal to 400,000 Btu per hour, excluding Water Heaters subject to the limits of Rule 1121 – Control of Nitrogen Oxides from Residential Type, Natural Gas-fired Water Heaters (Rule 1121)"), (k) (providing that Rule 1146.2 "shall not apply to . . . Units subject to a NOx emission limit in Rule 1121").

SCAQMD states that it regulates tankless water heaters separately from storage tank water heaters "due to the higher Btu ratings of those types [i.e., tankless] of units." Rule 1146.2 Draft Staff Report at 1-1.

2.    *History of SCAQMD's Separate NOx Emission Limits Under Rule 1121 for Residential Gas-Fired Storage Water Heaters and Rule 1146.2 for Residential Gas-Fired Tankless Water Heaters*

SCAQMD adopted the first version of Rule 1121 in December 1978 in order to reduce NOx emissions from all residential gas-fired water heaters. *See* Draft Staff Report for: Proposed Amended Rule 1111 – Reduction of NOx Emissions From Natural Gas-Fired Furnaces; Proposed Amended Rule 1121 – Reduction of NOx Emissions From Residential Type, Natural Gas-Fired Water Heaters at 1–3, S. COAST AIR QUALITY MGMT. DIST. (2025), https://www.aqmd.gov/docs/default-source/rule-book/proposed-rules/1111-and-1121/par-1111-par-1121-draft-staff-report.pdf. Rule 1121, however, only applies to manufacturers, distributors, retailers, and installers of residential gas-fired water heaters rated at less than 75,000 Btu/hr. *Id.* at 1–4. Put differently, it does not apply to any entities working with residential gas-fired water heaters rated at 75,000 Btu/hr or greater—which includes most tankless water heaters.

Starting in 1982, Rule 1121 required that residential gas-fired water heaters rated below 75,000 Btu/hr meet a NOx emission limit of 40 ng/J of heat output (with exceptions that are not applicable here). *Id.* In December 1999, SCAQMD amended

Rule 1121 to reduce the NOx emission limit from 40 ng/J to 10 ng/J by January 1, 2005. *Id.*[16] This is the NOx emission limit under Rule 1121 that is currently in place.

SCAQMD adopted the first version of Rule 1146.2 in January 1998. *See* Rule 1146.2 Draft Staff Report at 1-1. Rule 1146.2, at that time, required (among other things) residential gas-fired water heaters that were rated at less than 400,000 Btu/hr to meet a NOx emission limit of 40 ng/J of heat output. *Id.* However, Rule 1146.2 does not regulate residential gas-fired storage water heaters, because it does not regulate water heaters rated at less than 75,000 Btu/hr heat input (including residential gas-fired storage water heaters); those are regulated by Rule 1121. *Id.*; *see also* Rule 1146.2(c)(28), (k)(1).

SCAQMD amended Rule 1146.2 in 2005 and 2006, lowering the NOx emission limit to 14 ng/J. Rule 1146.2 Draft Staff Report at 1-2.[17] This was the NOx emission limit under Rule 1146.2 until 2024.

### 3.    SCAQMD's Recent Rulemaking

SCAQMD determined in late 2021 that NOx emission limits should be lowered in order to satisfy California's Best Available Retrofit Control Technology requirements. Rule 1146.2 Draft Staff Report at 1-2. Pursuant to that determination,

---

[16] After finding the January 2005 compliance date to be infeasible, SCAQMD amended Rule 1121 again in September 2004 to extend the 10 ng/J emission limit compliance date. *Id.*

[17] SCAQMD amended Rule 1146.2 again in 2018, but it did not lower the NOx emission limit in this amendment.

SCAQMD adopted the 2022 Air Quality Management Plan, which set forth a path for improving air quality and meeting federal air pollution standards by striving for zero-emission technologies across all sectors. *Id.* at 1-2–1-3. The 2022 Air Quality Management Plan includes Control Measure C-CMB-01, which sought to further NOx emission reductions from residential gas-fired water heaters. *Id.* at 1-3. To implement the 2022 Air Quality Management Plan, SCAQMD proposed amendments to Rule 1146.2 to reduce the NOx emission limit of certain appliances, including residential gas-fired tankless water heaters, to zero. *Id.*

SCAQMD adopted the proposed amendments in June 2024. The final amended rule prohibits the manufacture, sale, supply, offer for sale, or installation for use in SCAQMD's jurisdiction of large water heaters, small boilers, and process heaters that emit NOx based on a schedule of staggered compliance dates. *See generally* Rule 1146.2. These restrictions begin on January 1, 2026 for residential gas-fired tankless water heaters rated at greater than 75,000 Btu/hr and less than 200,000 Btu/hr in new buildings in SCAQMD's jurisdiction. *See* Rule 1146.2(d)(2).

Pursuant to the same 2022 Air Quality Management Plan that served as the foundation for the Rule 1146.2 amendments, SCAQMD initiated rulemaking proceedings for Proposed Amended Rule 1121. *See* Proposed Amended Rule 1121 Draft Staff Report at 1-4. As with Rule 1146.2, Proposed Amended Rule 1121 would have established zero-NOx emission limits for certain appliances, including

- 13 -

residential gas-fired water heaters that are rated at less than 75,000 Btu/hour. *Id.* Proposed Amended Rule 1121 would not, however, have applied to any residential gas-fired tankless water heaters regulated by Rule 1146.2. *Id.* at 1-1, 4-9. It appears that SCAQMD intended to promulgate Proposed Amended Rule 1121 to "align" with the recently amended Rule 1146.2. *See, e.g.*, *id.* at 3-3.

However, on June 6, 2025, SCAQMD held a public hearing on Proposed Amended Rule 1121 and ultimately voted against finalizing it. *See* South Coast AQMD Governing Board Meeting – June 6, 2025, YouTube.com (June 6, 2025), https://www.youtube.com/watch?v=wdjKy3Jdqm8. SCAQMD did not acknowledge that its refusal to finalize Proposed Amended Rule 1121 would result in regulation of residential gas-fired tankless water heaters differently from other kinds of residential gas-fired tankless ones. *See generally id.* SCAQMD then voted to send the issue back to SCAQMD's Stationary Source Committee for further rule development but noted that it would be unlikely that any amendments to Rule 1121 would be finalized before it begins enforcement of Rule 1146.2 on January 1, 2026. *See id.*

## C. By Regulating Tankless Water Heaters Differently from Storage Water Heaters, SCAQMD is Regulating "Energy Efficiency," Which Is Expressly Preempted by EPCA.

SCAQMD's two-track approach to regulating residential gas-fired water heaters has created a regulatory scheme that has effectively banned an entire type of

residential gas-fired water heater based on its energy efficiency. Such a regulatory scheme is expressly preempted under EPCA.

This Court noted in *California Restaurant Association* that any regulation "'that is contained in a State or local building code for new construction concerning the energy efficiency or energy use of a covered product' is superseded by EPCA unless it complies with various requirements." *Cal. Rest. Ass'n*, 89 F.4th at 1101 (quoting 42 U.S.C. § 6297(f)(1)–(3) and emphases removed). Noting that EPCA defines "energy use" as "the quantity of energy directly consumed by a consumer product at point of use," *id.* (quoting 42 U.S.C. § 6291(4)), this Court reasoned that "EPCA preempts regulations . . . that relate to the quantity of natural gas directly consumed by certain consumer appliances at the place where those products are used," *id.* (cleaned up). Because "a building code that prohibits consumers from using natural gas-powered appliances in newly constructed buildings necessarily regulates the quantity of energy directly consumed by the appliances at point of use," this Court concluded that "EPCA preempts Berkeley's regulation . . . because it prohibits the installation of necessary natural gas infrastructure on premises where covered appliances are used." *Id.* at 1102 (cleaned up).

The Court's analysis in *California Restaurant Association* contemplated regulations concerning the "energy use," as defined by EPCA, "of a covered product," *id.* at 1101 (quoting 42 U.S.C. § 6297(f)(1)); however, this preemption

framework equally applies to regulations "concerning the energy efficiency . . . of a covered product," 42 U.S.C. § 6297(f)(1). EPCA defines "energy efficiency" as "the ratio of the useful output of services from a consumer product to the energy use of such product," 42 U.S.C. § 6291(5); *see also Cal. Rest. Ass'n*, 89 F.4th at 1102, which is akin to the popular definition of the term, *see, e.g.*, energy efficiency ratio, MERRIAM-WEBSTER, https://www.merriam-webster.com/dictionary/energy%20efficiency%20ratio (defining "energy efficiency ratio" as "a number expressing the relative efficiency of an appliance (such as a room air conditioner) that is obtained by dividing the unit's output in BTUs per hour by its energy requirement in watts").[18] As this Court observed, "[a] 'consumer product' is 'any article' which 'consumes, or is designed to consume,' energy or water and is distributed for personal use," and EPCA's preemption clause "applies to any 'covered product,' which is defined as certain 'consumer products,' like refrigerators, dishwashers, and kitchen ovens." *Cal. Rest. Ass'n*, 89 F.4th at 1101 (quoting 42 U.S.C. §§ 6291(1)–(2), 6292). This also includes "water heaters," 42 U.S.C. § 6292(a)(4), which in turn includes both storage water heaters and tankless

---

[18] *See also, e.g.*, Steve Sorrell, "Reducing energy demand: A review of issues, challenges and approaches," 47 Renewable & Sustainable Energy Revs. 74, 77 (2015), https://www.sciencedirect.com/science/article/pii/S1364032115001471 ("Energy efficiency is the ratio of useful outputs to energy inputs for a specified system[.]").

water heaters, 42 U.S.C. § 6291(27).[19]

"[P]utting these terms together," *Cal. Rest. Ass'n*, 89 F.4th at 1101, EPCA preempts regulations concerning the energy efficiency of water heaters, including both storage and tankless water heaters. Based in part on Navien's previous comments to SCAQMD regarding Rule 1146.2, SCAQMD is aware that tankless gas-fired water heaters are more energy efficient than conventional storage gas-fired water heaters, the difference of which is reflected in their higher heat input rating. *See* Rule 1146.2 Draft Staff Report at B-22–B-24. By imposing a zero-NOx emission limit on tankless water heaters in Rule 1146.2 without doing the same for storage water heaters, SCAQMD is promulgating a regulation that concerns the energy efficiency of water heaters—and it is doing so by regulating the NOx emissions of tankless water heaters. *See Cal. Rest. Ass'n*, 89 F.4th at 1103 (reading the statutory

---

[19] EPCA defines "water heater" to mean "a product which utilizes oil, gas, or electricity to heat potable water for use outside the heater upon demand, including—

    (A)      storage type units which heat and store water at a thermostatically controlled temperature, including gas storage water heaters with an input of 75,000 Btu per hour or less, oil storage water heaters with an input of 105,000 Btu per hour or less, and electric storage water heaters with an input of 12 kilowatts or less; [and]

    (B)      instantaneous type units which heat water but contain no more than one gallon of water per 4,000 Btu per hour of input, including gas instantaneous water heaters with an input of 200,000 Btu per hour or less, oil instantaneous water heaters with an input of 210,000 Btu per hour or less, and electric instantaneous water heaters with an input of 12 kilowatts or less[.]"

*Id.*

term "concerning" "expansively" and determining that, "as a matter of ordinary meaning, a regulation may 'concern' something without directly regulating that thing); *cf. Air Conditioning, Heating & Refrigeration Inst. v. City of Albuquerque*, 835 F. Supp. 2d 1133, 1135–36 (D.N.M. 2010) (noting that the use of the word "concerning" in the National Appliance Energy Conversation Act's preemption statute "makes clear that Congress intended the preemption to be broad in scope" and would "preempt[] state law under most circumstances"). In other words, by amending Rule 1146.2 without doing the same for Rule 1121, SCAQMD created an impermissible regulatory scheme that favored one type of water heater over another based on energy efficiency. The regulation that created that regulatory scheme— Rule 1146.2—is consequently preempted under EPCA.

Rule 1146.2's effects on energy efficiency are also not "incidental[]," as SCAQMD may suggest. *Cf. Rinnai Am. Corp. v. S. Coast Air Quality Mgmt. Dist.*, No. 2:24-cv-10482 PA (PDx), Dkt. No. 53 at 25–26 (C.D. Cal. May 12, 2025) (citing Judge Baker's concurrence in *California Restaurant Association* and suggesting that Rule 1146.2 only incidentally affects energy use). As discussed above, SCAQMD has deliberately separated its rulemaking for storage and tankless water heaters based on their respective heat input rating: water heaters rated below 75,000 Btu/hr are regulated by Rule 1121 and tankless water heaters rated at 75,000 Btu/hr and above (which include the majority of tankless water heaters) are regulated by Rule

1146.2. SCAQMD has indicated that it regulates tankless water heaters separately "due to the higher Btu ratings of those types of units." Rule 1146.2 Draft Staff Report at 1-1. But gas-fired tankless water heaters generally operate at a higher temperature in order to heat the water quickly in order to be more energy efficient. By contrast, gas-fired storage water heaters operate at a lower temperature, but must do so for a longer time, resulting in substantially lower energy efficiency relative to tankless water heaters. There is consequently a direct relationship between a water heater's heat input and its energy efficiency. Therefore, any regulation that treats one type of water heater differently from another type of water heater based on heat inputs is effectively regulating water heaters based on the water heater's energy efficiency. *See Cal. Rest. Ass'n*, 89 F.4th at 1107 ("States and localities can't skirt the text of broad preemption provisions by doing *indirectly* what Congress says they can't do *directly*."). This is exactly what SCAQMD's Rule 1146.2 does and what EPCA expressly preempts.

This Court does not need to reach the question of whether SCAQMD has the authority to promulgate a rule that uniformly imposes a zero-NOx emission standard for all gas-fired residential water heaters—storage, tankless, or otherwise. The Court can instead resolve this dispute narrowly by concluding that SCAQMD cannot promulgate a rule that treats different types of water heaters differently based on their respective heat inputs, which is directly related to their respective energy

efficiency. Pursuant to EPCA, such rules must be promogulated by federal authorities and any state or local rules concerning energy efficiency—like SCAQMD's Rule 1146.2—are expressly preempted.

**D.     Even If Rule 1146.2 Is Not Expressly Preempted by EPCA's Preemption Clause, It Is Nonetheless Preempted Under Field Preemption Principles.**

*1.     Because Congress authorized federal authorities to establish energy efficiency standards under EPCA, SCAQMD cannot promulgate rules that concern energy efficiency standards.*

Even if the Court declines to find that EPCA expressly preempts Rule 1146.2, it should nonetheless find that EPCA preempts Rule 1146.2 under the doctrine of field preemption.

Under the doctrine of field preemption, a state or local law or regulation is invalid if it attempts to regulate in a field that Congress intended the federal government to occupy exclusively. *See English v. Gen. Elec. Co.*, 497 U.S. 72, 79 (1990); *Valle del Sol Inc. v. Whiting*, 732 F.3d 1006, 1022 (9th Cir. 2013) ("[T]he States are precluded from regulating conduct in a field that Congress, acting within its proper authority, has determined must be regulated by its exclusive governance." (quoting *Arizona v. United States*, 567 U.S. 387, 399 (2012)). Congress's intent to occupy a field may be inferred from a pervasive scheme of federal regulation that "'le[aves] no room for the States to supplement it,' or where there is a 'federal interest . . . so dominant that the federal system will be assumed to preclude enforcement of state laws on the same subject.'" *Arizona*, 567 U.S. at 399 (quoting

- 20 -

*Rice v. Santa Fe. Elevator Corp.*, 331 U.S. 218, 230 (1947)); *Valle del Sol Inc.*, 732 F.3d at 1022.

EPCA requires the Department of Energy to prescribe energy efficiency standards for water heaters. Specifically, EPCA directs the Department of Energy to establish a uniform efficiency factor and accompanying test methods for all storage and tankless water heaters. *See* 42 U.S.C. § 6295(e)(5). The Department of Energy has, in fact, promulgated such rules and has established minimum energy factors for gas-fired storage water heaters and tankless water heaters. *See* 10 C.F.R. § 430.32(d). This is consequently a field that Congress has intended for the Department of Energy to exclusively occupy, leaving "no room" for any state or local governments to "supplement." *Arizona*, 567 U.S. at 399. SCAQMD therefore cannot promulgate regulations that effectively impose a maximum energy efficiency factor for residential gas-fired water heaters.

Moreover, SCAQMD has created through its rulemaking a distinction between storage and tankless water heaters that is incongruent with the federal standards. The Department of Energy's rule establishes minimum uniform energy factors for gas-fired tankless water heaters that have a heat input rating that is greater than 50,000 Btu/hr. *See* 10 C.F.R. § 430.32(d)(1)–(2). SCAQMD's Rule 1121, however, covers all natural gas-fired water heaters with heat input rates less than 75,000 Btu/hr—including any tankless water heaters with lower heat input rates. *See*

Rule 1121(a) ("This rule applies to manufacturers, distributors, retailers, and installers of natural gas-fired water heaters, with heat input rates less than 75,000 Btu per hour."). While this is (at most) only a small segment of the tankless water heater market, this inconsistency shows how SCAQMD's dichotomous rulemaking for gas-fired residential water heaters has intruded into a field that Congress intended for the Department of Energy and other federal authorities to exclusively occupy.

> 2.   *The Court should consider whether Rule 1146.2 is preempted by EPCA under the doctrine of field preemption.*

Navien acknowledges that Plaintiff-Appellants did not raise arguments regarding field preemption in either the District Court proceedings or in their opening brief in these proceedings. *See generally Rinnai Am. Corp. v. S. Coast Air Quality Mgmt. Dist.*, No. 2:24-cv-10482-PA-PD, Dkt. No. 12 (C.D. Cal. Dec. 17, 2024) (Plaintiff-Appellants' Amended Complaint); *id.*, Dkt. No. 50-1 (C.D. Cal. Apr. 14, 2025) (Plaintiff-Appellants' Motion for Summary Judgment); Dkt. No. 14-1 (Plaintiff-Appellants' Opening Brief). Navien also acknowledges that this Court generally will not "consider on appeal an issue raised only by an amicus." *United States v. Gementera*, 379 F.3d 596, 607 (9th Cir. 2004). However, discretionary exceptions exist "where a party attempts to raise the issue by reference to the amicus brief" or where the issue "involves a jurisdictional question or touches upon an issue of federalism or comity that could be considered sua sponte." *Swan v. Peterson*, 6 F.3d 1373, 1383 (9th Cir. 1993). Furthermore, "[w]hen an issue or claim is properly

before the court, the court is not limited to the particular legal theories advanced by the parties, but rather retains the independent power to identify and apply the proper construction of governing law." *Kamen v. Kemper Fin. Servs., Inc.*, 500 U.S. 90, 99 (1991); *accord Lezama-Garcia v. Holder*, 666 F.3d 518, 535 n.15 (9th Cir. 2011).

Here, Navien is presenting purely a legal argument invoking a different doctrine of preemption. In other words, Navien has not raised any new *issues* for the Court's consideration, but rather arguments that address the same issue of law that Plaintiff-Appellants raised in the District Court proceedings and have appealed to this Court—i.e., whether Rule 1146.2 is preempted by EPCA. This Court reviews a federal district court's decision regarding preemption *de novo*, as it is purely an issue of law and not fact. *See Air Conditioning & Refrigeration Inst. v. Energy Res. Conserv. & Development Comm'n*, 410 F.3d 492, 495 (9th Cir. 2005); *accord Cal. Rest. Ass'n*, 89 F.4th at 1099. Navien only argues that Rule 1146.2 is preempted— which "involves a jurisdictional question or touches upon an issue of federalism or comity that could be considered sua sponte," *Swan*, 6 F.3d at 1383—and this Court has the discretion to find preemption on any legal theory, *see Kamen*, 500 U.S. at 99; *Lezama-Garcia*, 666 F.3d at 535. This Court should therefore consider Navien's field preemption argument as an additional basis to find that Rule 1146.2 is

preempted by EPCA.[20]

## CONCLUSION

For the foregoing reasons, Navien respectfully requests that this Court reverse the District Court's judgment.

Dated:  September 29, 2025            K&L GATES LLP


By: */s/ Edward P. Sangster*
    Edward P. Sangster
    Edward.Sangster@klgates.com
    Ankur K. Tohan
    Ankur.Tohan@klgates.com
    David Wang
    David.Wang@klgates.com

4 Embarcadero Center, Suite 1200
San Francisco, California 94111
Telephone: +1 415 249 1028

Counsel for *Amicus Curiae*
Navien Inc.

---

[20] By contrast, this Court should decline to consider Navien's arguments if it were arguing that Rule 1146.2 is preempted by something other than EPCA. *See, e.g.*, *Barrientos v. 1801-1825 Morton LLC*, 583 F.3d 1197, 1215 n.8 (9th Cir. 2009) (declining to consider argument raised by amicus that local ordinance was also preempted by a California statute, which was not raised by the appellant on appeal). That, however, is not the case here.

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

### Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)**      25-5129

I am the attorney or self-represented party.

**This brief contains 5,705 words,** including 0 words manually counted in any

visual images, and excluding the items exempted by FRAP 32(f). The brief's type

size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[ ] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[X] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
    [ ] it is a joint brief submitted by separately represented parties.
    [ ] a party or parties are filing a single brief in response to multiple briefs.
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).


**Signature** */s/ Edward P. Sangster_____* **Date** September 29, 2025_____
*(use "s/[typed name]" to sign electronically-filed documents)*

- 25 -