Docket No. 25-5129

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

RINNAI AMERICA CORPORATION et al.
Plaintiffs-Appellants,

vs.

SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT
Defendant-Appellee,

PEOPLE'S COLLECTIVE FOR ENVIRONMENTAL JUSTICE et al.,
Intervenor-Defendants-Appellees.

---

Appeal from the United States District Court
for the Northern District of California
Case No. 2:24-cv-10482-PA-PD

---

## REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF
## APPELLEE'S ANSWERING BRIEF

---

Bayron T. Gilchrist
General Counsel
Barbara Baird
Chief Deputy District Counsel
South Coast Air Quality
Management District
21865 Copley Drive
Diamond Bar, California 91765
Telephone: (909) 396-3400
Facsimile: (909) 396-2961

Matthew D. Zinn
Lauren M. Tarpey
Ryan K. Gallagher
Shute, Mihaly & Weinberger LLP
396 Hayes Street
San Francisco, California 94102
Telephone: (415) 552-7272
Facsimile: (415) 552-5816

Attorneys for Defendant-Appellee
South Coast Air Quality Management District

Defendant and Appellee South Coast Air Quality Management District ("District") respectfully requests that this Court take judicial notice of Exhibits A through U. Exhibits A through D include District rules regulating NOx emissions from a variety of sources. Exhibits E through T include rules and regulations adopted by other California air districts and by other states that are similar to the District's air pollution regulation that is at issue in this appeal, Rule 1146.2 ("Rule"). Exhibit U consists of a brief that a Plaintiff and Appellant in this case, California Restaurant Association, filed in the district court in *California Restaurant Association v. City of Berkeley*, Case No. 4:19-cv-07668-YGR (N.D. Cal. 2021), an earlier case regarding the Energy Policy and Conservation Act ("EPCA") that is referenced extensively in the parties' briefs. These materials are subject to judicial notice pursuant to Rule 201(b)(2) of the Federal Rules of Evidence because they are each capable of accurate and ready determination by sources whose accuracy cannot be reasonably questioned.

| INDEX OF EXHIBITS ||
|---|---|
| DOCUMENT | EXHIBIT |
| South Coast Air Quality Management District Regulation 11, Rule 1109.1 ("Emissions of Oxides of | A |

| | |
|---|---|
| Nitrogen from Petroleum Refineries and Related Operations"), as adopted November 5, 2021 | |
| South Coast Air Quality Management District Regulation 11, Rule 1112 ("Emissions of Oxides of Nitrogen from Cement Kilns"), as amended June 6, 1986 | B |
| South Coast Air Quality Management District Regulation 11, Rule 1134 ("Emissions of Oxides of Nitrogen from Stationary Gas Turbines"), as amended February 4, 2022 | C |
| South Coast Air Quality Management District Regulation 11, Rule 1153.1 ("Emissions of Oxides of Nitrogen from Commercial Food Ovens"), as adopted November 7, 2014 | D |
| Bay Area Air Quality Management District Regulation 9, Rule 4 ("Nitrogen Oxides from Natural Gas-Fired Furnaces"), as amended March 15, 2023 | E |
| Bay Area Air Quality Management District Regulation 9, Rule 6 ("Nitrogen Oxide Emissions from Natural Gas-Fired Boilers and Water Heaters"), as amended March 15, 2023 | F |
| Feather River Air Quality Management District Rule 3.23 ("Natural Gas-Fired Water Heaters, Small Boilers, and Process Heaters"), as adopted October 3, 2016 | G |
| Imperial County Air Pollution Control District Rule 400.5 ("Natural Gas-Fired Water Heaters, Small Boilers and Process Heaters"), as adopted November 26, 2019 | H |
| Placer County Air Pollution Control District Rule 247 ("Natural Gas-Fired Water Heaters, Small Boilers and Process Heaters"), as amended February 13, 2014 | I |
| Sacramento Metropolitan Air Quality Management District Rule 411 ("NOx from Boilers, Process Heaters and Steam Generators"), as amended August 23, 2007 | J |

| | |
|---|---|
| Sacramento Metropolitan Air Quality Management District Rule 414 ("Water Heaters, Boilers and Process Heaters Rated Less than 1,000,000 Btu per Hour"), as amended October 25, 2018 | K |
| San Diego County Air Pollution Control District Regulation IV, Rule 69.2.1 ("Small Boilers, Process Heaters, Steam Generators, and Large Water Heaters"), as adopted July 8, 2020 | L |
| San Joaquin Valley Unified Air Pollution Control District Rule 4308 ("Boilers, Steam Generators, and Process Heaters"), as amended November 14, 2013 | M |
| Santa Barbara County Air Pollution Control District Rule 360 ("Boilers, Water Heaters, and Process Heaters (0.075 – 2 MMBtu/hr)"), as revised March 15, 2018 | N |
| Ventura County Air Pollution Control District Rule 74.11.1 ("Large Water Heaters and Small Boilers"), as revised September 11, 2012 | O |
| Yolo-Solano Air Quality Management District Regulation II, Rule 2.37 ("Natural Gas-Fired Water Heaters and Small Boilers"), as revised April 8, 2009 | P |
| Texas Administrative Code section 117.3205 ("Emissions Specifications"), as adopted June 14, 2007 | Q |
| Utah Administrative Code rule R307-230-3 ("Emissions Limits and Requirements"), as amended August 3, 2017 | R |
| Wyoming Rules and Regulations 020.0002.3 section 3 ("Emission Standards for Nitrogen Oxides"), as amended April 30, 2024 | S |
| Washington Administrative Code section 400-070 ("General Requirements for Certain Source Categories"), as amended March 19, 2025 | T |

3

| | |
|---|---|
| California Restaurant Association's Opposition to Motion to Dismiss First Amended Complaint, *Cal. Rest. Ass'n v. City of Berkeley*, Case No. 4:19-cv-07668-YGR (N.D. Cal. 2021) | U |

## MEMORANDUM OF POINTS AND AUTHORITIES

The District requests that this Court take judicial notice of the documents referenced in the table above, Exhibits A through U.[1] Rule 201(c) of the Federal Rules of Evidence mandates that federal courts take judicial notice of qualifying facts upon a properly supported request by a party. Rule 201(b) authorizes judicial notice of any fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).

Exhibits A through D consist of other District rules that, like the Rule at issue here, regulate NOx emissions from a variety of sources.

---

[1] The District has not previously requested judicial notice of Exhibits A through D, but had requested that the district court take judicial notice of Exhibits E through U. Dkt. 61. The district court denied the request, reasoning that the documents were not material to its decision that EPCA does not preempt the Rule. ER-13 (Dkt. 81 at 6 n.6). The District maintains that Exhibits E through U are relevant to this litigation for the reasons set forth below and in its Answering Brief. However, this Court can affirm the district court's judgment regardless of whether it takes judicial notice of these materials or of Exhibits A through D.

4

Exhibits E through T consist of rules and regulations of other California air districts and of other states that limit air pollutant emissions from EPCA-covered appliances, similar to the District's Rule.[2] This Court and other courts regularly take judicial notice of similar state and local regulations under Rule 201(b)(2). *See Roemer v. Bd. of Pub. Works*, 426 U.S. 736, 742 n.4 (1976) (taking judicial notice of relevant state regulations); *Tollis, Inc. v. County of San Diego*, 505 F.3d 935, 938 n.1 (9th Cir. 2007) ("Municipal ordinances are proper subjects for judicial notice."); *Itzhaki v. U.S. Liab. Ins. Co.*, 536 F. Supp. 3d 651, 655 (C.D. Cal. 2021) (taking judicial notice of air district rule because it was a document produced by a governmental entity "for use and reliance upon by the general public," and thus was "not subject to reasonable dispute"). As set forth in greater detail in Appellee's Answering Brief, Exhibits A through D are relevant to show the extent of the District's efforts to limit NOx pollution in the Southern California region by targeting emissions from a variety of sources. Exhibits E through T are relevant as examples

---

[2] Exhibits A through P are also publicly available via the California Air Resources Board's clearinghouse of current California air district regulations. See https://ww2.arb.ca.gov/capp/cst/tch/current-air-district-rules.

5

of other longstanding air pollution regulations that address emissions from EPCA-covered appliances, and which would be at risk of invalidation were the Court to hold that the District's Rule is preempted.

The District also requests that this Court take judicial notice of Exhibit U, a document one of the Plaintiffs and Appellants in this case, California Restaurant Association, filed in the district court proceedings in *California Restaurant Association v. City of Berkeley*. This Court regularly takes "judicial notice of court filings and other matters of public record." *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (taking judicial notice of proceedings before another court). This document is relevant to show one of the Plaintiff-Appellant's prior representations regarding the limited scope of EPCA preemption. Plaintiffs and Appellants expressly cite to this document in their Opening Brief, but have not formally sought judicial notice of it or provided the Court with a copy. *See* Appellants' Opening Brief at 62.

6

DATED: October 22, 2025　　SHUTE, MIHALY & WEINBERGER LLP

By:    s/Matthew D. Zinn
　　MATTHEW D. ZINN
　　LAUREN M. TARPEY
　　RYAN K. GALLAGHER

　　Attorneys for Defendant-Appellee
　　South Coast Air Quality
　　Management District

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitations of Ninth Circuit Rules 27-1(d) and 32-3 because it contains 1,248 words. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced roman typeface, 14-point New Century Schoolbook, using Microsoft Word.

DATED:  October 22, 2025         SHUTE, MIHALY &
                                 WEINBERGER LLP


                                 By:      s/Matthew D. Zinn
                                      MATTHEW D. ZINN
                                      LAUREN M. TARPEY
                                      RYAN K. GALLAGHER

                                      Attorneys for Defendant-Appellee
                                      South Coast Air Quality
                                      Management District

8