No. 25-5129

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

RINNAI AMERICA CORPORATION, et al.,
*Plaintiffs – Appellants*,
v.
SOUTH COAST AIR QUALITY MANAGEMENT DISTRICT,
*Defendant – Appellee*,

PEOPLE'S COLLECTIVE FOR ENVIRONMENTAL JUSTICE, et al.,
*Intervenor – Defendants – Appellees*.

On Appeal from the United States District Court
for the Northern District of California
3:25-cv-09088-EMC, Hon. Edward M. Chen

# MOTION FOR LEAVE TO FILE BRIEF AMICUS CURIAE OF PACIFIC LEGAL FOUNDATION AND NATIONAL FEDERATION OF INDEPENDENT BUSINESS SMALL BUSINESS LEGAL CENTER, INC., IN SUPPORT OF PLAINTIFFS-APPELLANTS AND REHEARING EN BANC

Nathan W. Hotes
PACIFIC LEGAL FOUNDATION
3100 Clarendon Blvd., Suite 1000
Arlington, Virginia 22201
Telephone: (202) 888-6881
Fax: (916) 419-7747
NHotes@pacificlegal.org
*Counsel for Amici Curiae*

Pursuant to Rule 29 of the Federal Rules of Appellate Procedure, Pacific Legal Foundation (PLF), and National Federation of Independent Business Small Business Legal Center, Inc. (NFIB Legal Center), by and through the undersigned counsel, respectively move for leave to file the attached amicus curiae brief in support of Plaintiffs-Appellants Rinnai America Corp., et al., and Rehearing En Banc. The proposed amici are familiar with the facts and the parties' arguments and proffer that the attached brief will aid the Court in consideration of the issues presented in this case. Amici have previously notified all parties of their intent to file.

## IDENTITY AND INTEREST OF PROPOSED AMICI CURIAE

Pursuant to Federal Rule of Appellate Procedure 26.1, Amici Curiae Pacific Legal Foundation (PLF) and National Federation of Independent Business Small Business Legal Center, Inc. (NFIB Legal Center), hereby state that they are nonprofit 501(c)(3) organizations, and that they are organized under the laws of the state of California and Tennessee respectively. PLF has no parent corporation, subsidiaries, or affiliates that have issued shares to the public. The NFIB Legal Center has no parent corporation, and no publicly held company has 10% or greater

ownership in the NFIB Legal Center. PLF provides pro bono legal representation to individuals seeking to challenge infringements of their constitutional rights. PLF attorneys have participated as lead counsel in multiple landmark Supreme Court cases in defense of the right to make reasonable use of property and the corollary right to obtain just compensation when that right is infringed. *See, e.g.*, *Sheetz v. Cnty. of El Dorado*, 601 U.S. 267 (2024); *Tyler v. Hennepin Cnty.*, 598 U.S. 631 (2023); *Sackett v. Env't Prot. Agency*, 598 U.S. 651 (2023); *Wilkins v. United States*, 598 U.S. 152 (2023); *Cedar Point Nursery v. Hassid*, 594 U.S. 139 (2021); *Pakdel v. City and Cnty. of San Francisco*, 594 U.S. 474 (2021); *Knick v. Twp. of Scott*, 588 U.S. 180 (2019); *Koontz v. St. Johns River Water Mgmt. Dist.*, 570 U.S. 595 (2013); *Palazzolo v. Rhode Island*, 533 U.S. 606 (2001); *Suitum v. Tahoe Reg'l Plan. Agency*, 520 U.S. 725 (1997); *Nollan v. Cal. Coastal Comm'n*, 483 U.S. 825 (1987).

The issue in this preemption challenge case is the extent of EPCA preemption over state and local natural gas bans. To that end, PLF has previously filed an amicus brief in the Second Circuit supporting an Energy Policy and Conservation Act (EPCA) preemption claim. *See* Amicus Curiae Brief of Pacific Legal Foundation and American Timber

Works in Support of Plaintiffs-Appellants, *Mulhern Gas Co. v. Mosley*, No. 25-2041, 2025 WL 4676017 (2d Cir. Oct. 10, 2025). PLF additionally has experience with the Clean Air Act (CAA) and is currently litigating a separate CAA issue in this Court. *See HR Ewell, Inc. v. EPA*, No. 25-1475 (9th Cir. 2025). Consequently, PLF is well suited to provide specialized assistance to this Court.

The National Federation of Independent Business Small Business Legal Center, Inc. (NFIB Legal Center), is a nonprofit, public interest law firm established to provide legal resources and be the voice for small businesses in the nation's courts through representation on issues of public interest affecting small businesses. The NFIB Legal Center has an interest in the interplay between the EPCA and the CAA, and is currently litigating an EPCA preemption case in the Fourth Circuit challenging Montgomery County, Maryland's, ban on gas appliances. *See Nat'l Ass'n of Home Builders of the United States v. Montgomery Cnty.*, No. 26-1449.

Amici will argue that the appellate panel should be vacated because it erred in its interpretation of *California Restaurant Association* and its dismissal of the Appellant's EPCA preemption claim under the

Supremacy Clause. To the extent that the appellate panel held otherwise, due to the CAA or the District's focus on emission standards, it was contrary to previous decisions of this Court and should be vacated.

## CONCLUSION

Proposed amici respectfully request that their motion for leave to file an amicus curiae brief be granted.

DATED: August 24, 2026.

Respectfully submitted,

s/ Nathan W. Hotes

Nathan W. Hotes
PACIFIC LEGAL FOUNDATION
3100 Clarendon Blvd., Suite 1000
Arlington, Virginia 22201
Telephone: (202) 888-6861
Fax: (916) 419-7747
NHotes@pacificlegal.org

*Counsel for Amici Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2026, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

s/ Nathan W. Hotes
Nathan W. Hotes